John T. C. G. Watkins and wife, *vs.* Charity Sears et al.—*June* 1846.

A testator devised to his son *D*, his heirs and assigns, forever, provided he shall attain the age of twenty-one years, or die leaving issue; but in case my son shall die without issue, or before he arrives at the age of twenty-one, then I give and devise to my daughters, for life, or until their marriage, &c. *D* lived to be twenty-one years of age, and died intestate, and without issue. Held, that by his arrival at the age of twenty-one years, the property devised to him, became a vested estate.

That the word *or*, in the second clause of the devise, is to be construed copulatively, *and;* and that, thereby, the condition on which the limitation over to the daughters was made to depend, became a condition of definite failure of issue.

In this State, a limitation over of land to devisee, for life, after an indefinite failure of issue of a prior devisee, does not convert the indefinite, into a definite failure of issue.

Where there was devise of an estate in fee, with a limitation over, after a dying without issue, it was formerly converted into an estate tail, and the limitations over, operated by way of remainder. The acts of descents now converts that estate tail, into an estate in fee.

Appeal from the Court of Chancery.

The bill in this cause, was filed on the 17th December 1844, by the appellants, and after referring to the last will of·

*Caleb Sears,* it alleged, that shortly after making it, the said *Caleb Sears* departed this life. That after the death of the said *Caleb,* your oratrix intermarried with your orator; and that *Dennis D. Sears,* mentioned in said will, departed this life intestate and without issue, leaving *Eliza, Lucretia,* and *Charles,* his brother, and sisters, his heirs at law. That the said *Dennis,* on the day of his death, had attained to the age of nearly twenty-three years, and was over the age of twenty-one; and your orator and oratrix are advised, that having attained that age, he became absolutely entitled to the property devised to him, in fee simple, subject to the life estate of the said *Charity,* and that on his death, as aforesaid, intestate and without issue, the same descended to his brother and sisters, as his heirs at law; the limitation over, in case of his dying without issue, being void in law. That after the death of the said *Dennis,* the said *Lucretia* also died, without issue and intestate, leaving your oratrix, *Eliza,* and the said *Charles,* her heirs at law, so that your oratrix now claims, and your orator, in her right, claims to be entitled, by descent, to one-half of the share, or half of the said *Dennis',* or one-fourth of the whole of the said farm. That since the death of the said *Lucretia,* the said *Charles* has also departed this life intestate, leaving the following children his heirs at law, viz., *Elizabeth A. Sears,* &c. That the said half of the farm, devised, as above mentioned, to the said *Dennis D. Sears,* and which has descended to your oratrix, *Eliza,* and the infant children of the said *Charles,* is too small for, and otherwise incapable of division, without loss and injury to all parties, and is now of no use or advantage to any of them; but that the sale thereof, with the consent of the said *Charity,* would be for the advantage of all. Prayer, for the sale of the said *Dennis'* half of the said land, for the purposes of partition, and that when sold, the proceeds thereof may be distributed, according to right and equity, after assigning to the said *Charity* her portion thereof, in lieu of her life estate, and for other and further relief, &c.

The will of *Caleb Sears*, dated 30th October 1829, devised:
"*First.* I bequeath and devise to my beloved wife, *Charity*, all my estate, both real and personal, during her natural life, and no longer; and after her death, I direct, that the farm on which I now reside, called the "*Plains*," shall be divided into two equal parts, as to number of acres, by an east and west line; and the southern half of the said farm, I give and devise to my son, *Charles C. Sears*, his heirs and assigns forever; and the northern half of the said farm, I give and devise to my son, *Dennis D. Sears*, his heirs and assigns, forever, provided he shall attain the age of twenty-one years, or die, leaving issue; but in case my said son, *Dennis*, shall die without issue, or before he arrives at twenty-one years of age, I then give and devise the said northern half of my farm to my two daughters, *Lucretia* and *Eliza*, to be equally divided between them, so long as they shall remain unmarried; but whenever either, or both of my said daughters shall die or marry, I give and devise the portion or portions, of the daughter or daughters, so dying or marrying, to my son *Charles*, his heirs and assigns forever."

*Charity Sears*, the widow of the said *Caleb*, answered the bill, consented to a sale, and to take a proportion of the proceeds thereof, for her life estate.

The other defendants, infants, also answered the bill, by guardian, and proof was taken to show the estate incapable of division, &c., as alleged.

On the 19th April 1845, the Chancellor (BLAND,) decreed, that the bill of complaint be dismissed, with costs, being of opinion, that it was the intention of the testator to give the half of his land to his son *Dennis*, in fee, in case he should leave any child or issue, living at the time of his death; but if not, then it was to pass to the testator's daughters, as specified; and afterwards, to his son *Charles*, in fee.

The complainants appealed to this court.

The cause was argued before ARCHER, C. J., DORSEY, CHAMBERS, MAGRUDER and MARTIN, J.

Watkins et ux., *vs.* Sears et al.—1846.

By Nicholas Hammond and McLean for the appellants, who cited :—

*Soulle vs. Gerard, Cro. Eliz.,* 525.   *Walsh vs. Peterson,* 3 *Atk.,* 193.  *Frammingham vs. Bond,* 1 *Willson,* 140. *Fairfield vs. Morgan,* 5 *Boss. and Pull.,* 38, 55.  *Lessee of Hauer vs. Shutz,* 2 *Binney,* 532.  *Dallam vs. Dallam,* 7 *H. & John.,* 220.  *Raborg vs. Hammond,* 2 *H. & Gill,* 53. *Arnold vs. Buffum,* 2 *Mason,* 208.  *Lippett vs. Hopkins,* 1 *Gall,* 454, 461.  *Sayward vs. Sayward,* 7 *Greenleaf,* 210. *Grant, et al., vs. Dyer, et al.,* 2 *Dow,* 87.  *Jackson vs. Blanshan,* 6 *John.,* 56.  1 *Jarman on Wills,* 441.  *Barlow vs. Salter,* 17 *Ves.,* 479.  *Newton vs. Griffith,* 1 *H. & G.,* 119.  *Lillibridge vs. Adie,* 1 *Mason,* 224.  *Hoxton vs. Archer,* 3 *G. & J.,* 199.  *Haines vs. Witmer,* 2 *Yates,* 407. *Dart vs. Dart,* 7 *Conn,* 250.  2 *Jarman on Wills,* 434. *Tenny, Lessee of Agar, vs. Agar,* 12 *East.,* 253.  *Smith vs. Smith,* 2 *H. & J.,* 314.   *Wells vs. Beall,* 2 *G. & J.,* 458. *Pow. on Dev.,* 257.

By B. T. B. Worthington and A. Randall for the appellees, who cited :—

*Powell on Devises,* 21 *Law Lib.,* 37.   *Barker vs. Suretees,* 2 *Strange,* 1175, *and note.*   *Van Middlesmith vs. Schenck,* 3 *Halstead,* 29.   *Den &c., vs. Laquear,* 1 *South.,* 301. *Fsodick vs. Cornell,* 1 *John.* 440.

Dorsey, J., delivered the opinion of this court.

By the devise on which the questions before us arise, the testator gives the land in dispute, "to his son, *Dennis D. Sears,* his heirs and assigns forever, provided he shall attain the age of twenty-one years, or die, leaving issue; but in case my son *Dennis* shall die without issue, or before he arrives at twenty-one years of age, I then give and devise the said northern half of my farm to my two daughters, *Lucretia* and *Eliza,* to be equally divided between them, so long as they remain unmarried; but whenever either, or both of my said daughters, shall die or marry, I give and devise the portion or portions, of the daughter or daughters, so dying or marrying, to my son *Charles,* his heirs and assigns, forever."

It is wholly unnecessary, in this case, to enquire, or to examine the authorities referred to, whether the first part of the devise to *Dennis,* was a condition precedent, or a condition subsequent; as, by his arrival at the age of twenty-one years, the property devised to him became a vested estate.

That the word, "or," in the succeeding part of the devise, prescribing the condition, on which the limitation over to the daughters, was to take effect, is to be construed copulatively, as if it were, "and;" and that, thereby, the alternative condition, (literally construing the will,) of indefinite failure of issue, upon which the limitation over is made to depend, became a condition of definite failure of issue, we regard as too clear for argument, upon the following authorities : *Pells vs. Brown, Cro. Jac.,* 590. *Belles vs. Gillespie,* 5 *Randolph's Reps.,* 273. *Broaders and wife vs. Turner, Ib.,* 308. *Arnold and another vs. Buffum,* 2 *Mason,* 208. *Doe vs. Taylor,* 2 *Southard,* 413. *Fairfield vs. Morgan,* 5 *Bos. & Pul.,* 38. *Lessee of Day vs. Day,* 16 *East.,* 67. *Frammingham vs. Brand,* 1 *Wilson,* 140. *Lessee of Hauer vs. Shutz,* 2 *Binm.* 532. *Raborg vs. Hammond,* 2 *Harr. & Gill,* 53; and *Dallam vs. Dallam,* 7 *Harr. & Johns.,* 220.

That, in this State, a limitation over of land to a devisee, for life, after an indefinite failure of issue, does not, as has been contended in the argument of this case, convert the indefinite into a definite failure of issue, we think fully established by the cases of *Newton vs. Griffith,* 1 *Harr. & Gill,* 111; and *Hoxton vs. Archer,* 3 *Gill & Johns.,* 199.

But suppose, as has been urged in the argument for the appellees, the word, "or," above mentioned, is to be construed disjunctively; and that the limitation over, after a dying without issue, means an indefinite failure of issue; how does that better their condition? By such a construction, the fee-simple estate given to *Dennis,* in the first part of the devise, is converted into an estate tail, and the limitations over operate by way of remainder, not by way of executory devise: and the act of descent of this State, would convert the estate tail, into an estate in fee; whereby the limitation over to *Charles* and his heirs, becomes wholly inoperative and void. The appel-

lants, therefore, are clearly entitled to the relief sought by their bill.

This court will sign a decree, reversing the decree of the Chancery court, and remanding the case to the Court of chancery, that such further proceedings may be had therein, as the nature of the case may require.

DECREE REVERSED AND CAUSE REMANDED.