## DENGEL *v.* BROWN.

DEEDS, CONSTRUCTION OF ; TRUSTS ; WILLS; ESTATES TAIL ;
FEE SIMPLE ESTATES.

1. Where an estate is by deed conveyed to one and his heirs, in trust for another, and there is no limitation over of the equitable estate to the heirs of the *cestui que trust*, either expressly or impliedly, the *cestui que trust* takes but a life estate, upon the determination of which the legal estate reverts to the grantor or his heirs.
2. A will provided that an estate should upon the death of the devisee "descend to her lawful heirs, and, should she die without legal issue," that it should revert to the estate of the devisor : *Held*, That the word "heirs" was intended to be restricted to mean "heirs of the body"; and that, therefore, the devisee would take, at common law, an estate tail general.
3. By operation of the act of Maryland of 1786, ch. 45, to direct descents, which act is in force in this District, estates tail general are converted into fee simple estates.

No. 60. Submitted September 21, 1893.—Decided November 8, 1893.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, holding a law term, for the plaintiff upon an agreed statement of facts, in an action of ejectment. *Reversed.*

THE CASE is stated in the opinion.

*Mr. Andrew B. Duvall* for the appellant:

1. By the will of Sarah Moore, Mary Ann Dengel took a fee simple, and the words of the devise are words of limitation and not of purchase. The rule in Shelley's case aids the easy disposition of, and free commerce in, property; this devise falls within the rule. It is a rule of the law. It is in full force in this District. *Miller* v. *Fleming*, 7 Mackey, 148 ; *Green* v. *Green*, 23 Wall., 489 ; *Baker* v. *Scott*, 62 Ill., 86 ; *Fraser* v. *Chene*, 2 Mich., 80 ; *Hileman* v. *Bouslaugh*, 13 Pa. St., 344 ; *Ware* v. *Richardson*, 3 Md., 505 ; 2 Wash. Real Prop., 596, 605. It is alike applicable to wills and deeds. The intention of the testator controls in the construction of a will, when not inconsistent with the rules of law. *Colton* v. *Colton*, 127 U. S., 300. See also, *Inglis* v. *Sailor's Snug*

*Harbor,* 3 Pet., 99; *Yarnall's Appeal,* 70 Pa. St., 335; *Simpers* v. *Simpers,* 15 Md., 160; *Hughes* v. *Nicklas,* 70 Md., 484; *McCray* v. *Lipp,* 35 Ind., 116; *Quilman* v. *Custer,* 57 Pa. St., 125; *Brown* v. *Lyon,* 6 N. Y., 419; *Malcolm* v. *Malcolm,* 3 Cush., 472; And *vide Petition of Browning,* 16 A., 717 (R. I.); *Vowickel* v. *Patterson,* 114 Pa. St., 21; *Bassett* v. *Hawk,* 118 Pa. St., 94.

2. But while the appellees must make their title, if they have any, under the will of Sarah Moore, the appellant is not confined to this source of title. Sarah Moore intended and sought by all means to bestow this property on her niece Mary Ann Dengel. By her deed to Hodgson, trustee, in consideration of one thousand dollars, she conveyed it to him, his heirs and assigns forever. Hodgson, trustee, united in the deeds of trust to Duncanson and Fendall; the appellant, by mesne conveyance, has the entire title of both Mary Ann Dengel and Hodgson. His quit-claim deed to the plaintiffs conveyed nothing, for he had already conveyed all title.

*Mr. H. H. Wells* and *Mr. A. A. Birney* for the appellees, in their brief, upon the question of the proper construction of the deed from Sarah Moore to Hodgson, trustee, cited *Doe* v. *Considine,* 6 Wall., 458; *Young* v. *Bradley,* 101 U. S., 782; *Giles* v. *Little,* 104 U. S., 291; and as to the proper construction of the will of Sarah Moore, Washburn on Real Property, 655; *Ware* v. *Richardson,* 3 Md., 505; *Daniel* v. *Whartenby,* 17 Wall., 645; *Haley* v. *Boston,* 108 Mass., 576; *Wetter* v. *Press Co.,* 75 Ga., 540; *Myrick* v. *Heard,* 31 Fed. Rep., 241; *Taggart* v. *Murray,* 53 N. Y., 233; *Green* v. *Green,* 23 Wall., 486; *Doe* v. *Fonnereau,* 2 Doug., 508; and *Moore* v. *Parker,* 4 Mod. Rep., 316.

The CHIEF JUSTICE delivered the opinion of the Court.

This is an action of ejectment brought against the defendant by the children, answering to the description of heirs at law, of Mary Ann Dengel, deceased, to recover part of lot No. 13, in square 400, in the city of Washington. The case comes before the court on an agreed statement of facts, and

the only questions for decision are, first, as to the true construction of a deed of Sarah Moore to Joseph F. Hodgson, dated the 11th day of March, 1868;[1] and, second, as to the true construction of the will of said Sarah Moore, dated the 3d of April, 1868, and admitted to probate on the 16th of October, 1869.[2]

---

[1] *Deed of Sarah Moore to Joseph F. Hodgson, trustee.* This indenture, made this eleventh day of March, in the year of our Lord one thousand eight hundred and sixty-eight, by and between Sarah Moore of Washington, D. C., of the first part, and Joseph F. Hodgson, trustee for the sole and separate use of Mary Ann Dengel, wife of Valentine Dengel of same place of the second part:

Witnesseth, that the said party of the first part, for and in consideration of the sum of one thousand dollars, in lawful money of the United States, to her in hand paid by the said party of the second part, at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, hath granted, bargained, sold, aliened, enfeoffed, released and conveyed, and doth by these presents, grant, bargain, sell, alien, enfeoff, release and convey unto the said party of the second part, his heirs and assigns, forever, all that certain piece or parcel of land and premises (describing it).

Together, with all the improvements, ways, easements, rights, privileges, appurtenances and hereditaments to the same belonging, or in anywise appertaining, and all the remainders, reversions, rents, issues and profits thereof; and all the estate, right, title, interest, claim and demand whatsoever, either at law or in equity, of the said party of the first part, of, in, to, or out of the said piece or parcel of land and premises.

To have and to hold the said piece or parcel of land and premises, and appurtenances, unto the said party of the second part, trustee as aforesaid, his heirs and assigns free from the control or liability of the said Mary A. Dengel's present or any future husband, to his and their sole use, benefit and behoof, forever.

[2] *Will of Sarah Moore.* In the name of God, Amen. I, Sarah Moore being in tolerable bodily health and of sound and disposing mind and memory, calling to mind the frailty and uncertainty of human life, and being desirous of settling my worldly affairs, and directing how the estate with which it has pleased God to bless me, shall be disposed of after my decease, while I have the strength and capacity so to do, make and publish my last will and testament, hereby revoking and making null and void, all other last wills and testaments by me heretofore made.

And first, I commend my immortal soul to Him who gave it, and my body to the earth, to be buried with little expense or ostentation, by my executors hereinafter named.

And as to my worldly estate, and all the property, real, personal or mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, I devise, bequeath and dispose thereof in the manner following, to wit:

My will is that all my just debts and funeral charges shall by my executors hereinafter named, be paid out of my estate, as soon after my decease as shall by them be found convenient:

*Item.* I give, devise, and bequeath to my beloved sister, Elizabeth Kurtz, widow of David Kurtz, deceased, all my household furniture except what is hereinafter reserved and specified, I also give my said sister my frame dwelling house wherein I now reside and lot, being the West part of lot numbered seventeen (17), in square numbered three hundred and seventy-seven (377) together with the small frame tenement thereon situated and lying on the South side of F Street, North, between ninth and tenth streets West, and her heirs forever, to be disposed of by her, or her executors as she may direct.

I give and bequeath to my niece, Mary Ann Dengel, wife of Valentine Dengel, of Washington, District of Columbia, in her own right, part of lot numbered thirteen (13), with the improvements thereon, situated in square numbered four hundred (400), on ninth street West, between M and N streets North, free and clear from all control of her husband, the said V. Dengel, or any other husband she may take after said Dengel's decease, the said premises at her decease to descend to her lawful heirs, and should she die without legal issue, then and in that case, the aforesaid premises is to revert to my estate, to be disposed of as best my executors may think proper for the carrying out my desire hereinbefore expressed and hereinafter named :

I also give to said Mary Ann Dengel aforesaid in her own right, my bed and bedding and bedstead.

*Item.* It is my will and desire that my dear aged and afflicted brother, Richard Burch, shall be provided for with food and raiment and lodging out of the property or income from the same hereinafter named, to wit:

Whereas, I have leased for a term of years the east part of the unimproved part of lot seventeen (17), in square numbered three hundred and seventy-seven (377), to William H. Brett & Sons, Rufus E. Brett, trading under the name of William H. Brett Sons, for the term of ten years, at the rate of five hundred dollars per annum as per contract made and executed. It is my desire that my said brother Richard shall have his foresaid support out of the rent or sale of the aforesaid lot, now under a lease to Brett & Sons aforesaid, and at his decease properly interred. I give and bequeath to my niece Elizabeth Tate the wife of ———Tate, the proceeds of the lot leased to the said Bretts Sons, with the improvements thereon, should there be any, and if the said Brett Sons purchase the same at the end of the term, the said purchase money is to be paid over to the said Elizabeth or her children, and should they not purchase the same, the lot and improvements are hereby given to the said Elizabeth Tate and her heirs forever :

I give and bequeath to my spiritual father, Rev. J. A. Walter, the sum of two hundred dollars. I also give him in trust for the benefit of the male children of St. Vincent's Orphan Asylum, two hundred dollars. I also give him for the benefit of the female children of the same Asylum two hundred dollars, the same to be paid by my executors hereinafter named, out of the sale or income of the aforesaid lot leased to Brett Sons :

*Lastly,* I do nominate and appoint my sister, Elizabeth Kurtz, and my esteemed friend, William Orme Esq., both of Washington, District of Columbia, to be the executors of this my last will and testament.

In testimony whereof, I, the said Sarah Moore, have to this my last will and testament contained one sheet of paper subscribed my name and affixed my seal, this third day of April, in the year of our Lord, one thousand eight hundred and sixty eight.

(Signed)     Sarah Moore. [seal]

1. As to the construction of the deed. That instrument was made by Mrs. Moore to Hodgson, as trustee, for the sole and separate use of Mary Ann Dengel, wife of Valentine Dengel. The limitation of the legal estate was to the grantee, " his heirs and assigns forever"; but there was no limitation of the trust estate, or declaration of the trust, other than in the description of the trustee, and the direction that he, and his heirs and assigns, should hold the property conveyed for the sole and separate use of Mary Ann Dengel, " free from the control or liability of her present or any future husband." There is nothing said as to what should become of the property after the death of Mary Ann Dengel. Her children are not made beneficiaries, nor is there any limitation of the trust estate to her heirs; and, in the absence of such limitation, it would seem to be clear that she took but a life interest in the trust estate; and that upon her death · the legal estate reverted to the heirs or devisees of Mrs. Moore.

There is a distinction made in the cases in respect to trusts by implication, between the construction of deeds and the construction of devises. In respect to devises, it has been held in several cases, and would seem to be established, that if an estate be devised to A and his heirs, in trust for B, without other limitations, in such case B will take an equitable fee; for it is supposed, on such a devise, to be the intention that B shall take an equitable estate as large as the legal estate that passed to A and his heirs. In other words, that the estate of the *cestui que trust* should be commensurate with the legal estate devised to the trustee. In support of this rule of construction, as applied to devises, the authorities would seem to be clear. *Moore* v. *Cleghorn,* 10 Beav., 423 ; *Doe* v. *Cafe,* 7 Exch., 675; 1 Perry on Trusts, Sec. 357. But this rule of construction does not apply in the case of deeds. In this latter case, if an estate be conveyed by deed to A and his heirs, in trust for a *cestui que trust* named without limitation to heirs, or without words of equivalent import, the *cestui que trust* takes but a life estate, and the fee

in the legal estate results or reverts to the grantor or his heirs. *Holliday* v. *Overton*, 15 Beav., 480; *Doe* v. *Cafe*, 7 Exch., 675; 1 Perry on Trusts, Sec. 357, and cases cited. See, also, the case of *Tatham* v. *Vernon*, 29 Beav., 604.

Therefore, on the construction of this deed, we are of opinion that Mrs. Mary Ann Dengel took but an equitable life estate in the property conveyed to Hodgson and his heirs; and that the estate given to the trustee, Hodgson, and his heirs was restricted to the life of Mrs. Mary Ann Dengel, upon the principle that, unless a different intention clearly appears, the trustee, though the estate be conveyed to him and his heirs, takes that quantity of estate only which the purposes of the trust require. *Young* v. *Bradley*, 101 U. S., 782. Mary Ann Dengel died in 1887, and her husband in 1881.

2. Then, as to the construction of the will of Mrs. Moore. By this will the testatrix gave and devised to Mary Ann Dengel the part of lot No. 13, in square 400 (the same conveyed and described in the deed to Hodgson, trustee), free and clear of and from all control of her then husband, or any other husband she might have; "the said premises at her decease *to descend to her lawful heirs ;* and should *she die without legal issue*, then, and in that case, the aforesaid premises *shall revert to my estate*, to be disposed of as best my executors may think proper, for the carrying out my desire hereinbefore expressed, or hereinafter named." There is nothing in the after part of the will that in any way reflects upon the construction of the foregoing clause.

But for the limitation over, upon the dying of Mary Ann Dengel "without legal issue," the preceding devise to Mary Ann Dengel would be plainly a devise in fee simple. The devise to her, and at her decease "the said premises to *descend* to her lawful heirs," is clearly within the Rule in Shelley's Case, 1 Co., 94. This has been so ruled in many cases. *Steiner* v. *Kolb*, 57 Penn. St., 123; *Quillman* v. *Custer*, 57 Penn. St., 125; *McCray* v. *Lipp*, 35 Ind., 116; *Andrews* v. *Spurlin*, 35 Ind., 262; *Brown* v. *Lawrence*, 3 Cush.,

390; *Brown* v. *Lyon*, 6 N. Y., 419; and see 3 Jarm. on Wills, 100 to 107, and cases collected in note. But, in what follows, it appears that the word " heirs " was intended to be restricted to mean heirs of the body, or issue of the body; and, therefore, instead of a fee simple, an estate in fee tail general, according to the common law, was devised. 3 Jarm. on Wills, 94; *Dallam* v. *Dallam*, 7 H. & J., 220; *Watkins* v. *Sears*, 3 Gill, 492. And this estate tail general, by operation of the act of Maryland of 1786, Ch. 45, to direct descents, and which is in force in this District, is converted into a fee simple estate; and, consequently, Mary Ann Dengel took by the devise to her an estate in fee simple. *Newton* v. *Griffith*, 1 H. & G., 111, 127 ; *Hoxton* v. *Archer*, 3 G. & J., 212.

Such being the title of Mary Ann Dengel, she, together with the trustee, Hodgson, under the deed of trust before referred to, and after the death of Mrs. Moore, conveyed the property, deeded and devised as aforesaid, to trustees to secure certain debts due by Mary Ann Dengel, and for the satisfaction of which the property was sold by such trustees; and the defendant holds the title that was so sold and conveyed by the trustees. Her title is valid as against the plaintiffs; and the judgment of the court below, rendered in favor of the plaintiffs, must be reversed with costs, and judgment rendered on the statement of facts for the defendant.

*Judgment reversed, and judgment for the defendant.*