6577

## STATE v. HICKS.

OBTAINING GOODS UNDER FALSE PRETENSES.—To make out the crime of obtaining goods under false pretenses, it must be shown that a false representation was made knowing it to be false, and that it was so made with intent to defraud. Such intention is a question of fact from all the circumstances. Where there is evidence tending to negative an intent to defraud, it is error to instruct jury, knowledge of the falsity of the representation shows the intent.

Before GARY, J., Greenville, January, 1907. Reversed.

Indictment against J. F. Hicks for obtaining goods under false pretenses. From sentence, defendant appeals.

*Messrs. McSwain & Price,* for appellant, cite: *Intent is the gist of the crime:* 12 Ency., 825; 19 Cyc., 413-437; 21 S. C., 353. *It cannot be inferred from false pretense:* 12 Ency., 825; 19 Cyc., 413; 2 Bish. Cr. Law, 409-488; 10 L. R. A., 302; 28 L. R. A., 122; 9 S. E., 575; 21 At. R., 1025; 33 S. O., 853. *Charge is erroneous as instructing jury what inference to draw from evidence:* 48 S. C., 148; 47 S. C., 523; 56 S. C., 531; 49 S. C., 556.

*Solicitor J. E. Boggs,* contra. Oral argument.

19—77

July 8, 1907.  The opinion of the Court was delivered by

MR. JUSTICE JONES.  The defendant was convicted, with recommendation to mercy, on an indictment under Section 168, Criminal Code, charging the offense of obtaining money under false pretenses, with intent to cheat and defraud the prosecutor, Thomas Sloan.

The testimony of the prosecutor tended to show that at Greenville, S. C., on Saturday, July 7, 1906, after banking hours, the defendant, representing that he had $1,000 in the People's Bank of Greenville, requested the prosecutor to cash his check on said bank for $25.00, which the prosecutor did, relying upon the truth of said representation; that on next day, Sunday, defendant told the prosecutor that he had no money in the bank; that defendant promised to make it good, and the prosecutor thought he would give him a chance; that after the warrant was issued he received back the $25.00, declining to accept interest.

The defendant testified that he did · receive the money from the prosecutor on the check; that he did not represent that he had $1,000 on deposit in the bank, but that he told prosecutor that if he would give him a check for $1,000 it would be good; he would not give him a check if he did not have the means to meet it; that he told the prosecutor he would deposit the money in the bank, and intended so to do; that afterwards, learning that he was ordered by his employer to do a certain work, requiring him to leave Greenville early Monday morning, he went on Sunday to see the prosecutor and told him that he would have to leave town early Monday morning and would be unable to put the money in the bank, but that if he would hold the check he would come by and take it up and deposit the money in the bank; that he then offered to pay back the money to prosecutor if he insisted on it; that the prosecutor said he supposed it was all right; that while working on the job which caused him to leave town Monday morning he was in a few days taken with something like sunstroke; that he was sick

in bed when arrested in this case; that he had no intent to cheat and defraud the prosecutor.

The controlling question raised by the exceptions is whether the Court, in response to the request of defendant's counsel to charge that the intent to cheat and defraud must be found to exist in the mind of defendant along with a false pretense, erred in instructing the jury as follows: "If he knew he was making a false pretense, you gather his intent from that false statement. If he knew he had no money on deposit, and by reason of that fact he caused Mr. Sloan to part with his money, that was the intent. If he made a statement which he knew was false, that was the intent."

It is contended that this charge was erroneous in not leaving it to the jury to determine from all the circumstances in the case whether the defendant intended to cheat and defraud.

We regard the exceptions well taken. Section 168, Criminal Code, provides: "Any person who shall, by any false pretense or representation, obtain the signature of any person to any written instrument, or shall obtain from any other person any chattel, money, valuable security, or other property, real or personal, with intent to cheat and defraud any person of the same, shall be guilty of a misdemeanor * * *." It is perfectly manifest from the express terms of the statute that an intent to cheat and defraud is an essential element of the statutory crime, and it is elementary that every essential element of the crime must be alleged and proven. This principle was well understood by the prosecuting officer, for the indictment not only alleges that the pretenses were known to be false, but that the defendant thereby intended to cheat and defraud. In Clarke's Criminal Law, 281, it is declared: "Intent to defraud by the representation is an essential element of the crime. The making of a false representation is not of itself criminal, it becomes so only when knowingly made; and, further than that, when made with an intention of defrauding thereby.

In the absence of such an intent, the crime cannot be committed," and authorities are cited to sustain this statement.

In 12 Ency. Law, 824, it is stated: "In order to constitute the offense there must be an intent to defraud at the time when the property or the signature to an instrument is obtained. To constitute an obtaining by false pretenses it is essential, equally as in larceny, that there shall be an intention to deprive the owner wholly of the property obtained. The intent is the gist of the offense, and ordinarily proof of the existence must depend upon the circumstances attending the transaction." Numerous cases are cited in the notes to sustain the text.

We quote from *Commonwealth* v. *Jeffries* (Mass), 83 Am. Dec., 721, this pertinent language: "The making of a false pretense or representation is not of itself criminal. It becomes so only by being accompanied with a fraudulent intent. In the words of the statute, Gen. Stats. c. 161, sec. 54, it must be made designedly and with intent to defraud. This intent is part of the substance of the issue and must be proved. How? According to the nature of the transaction in or about which the false pretense or representation has been made. If it was a case where such prentense has been used in making a contract for the purchase of goods, and the possession has thereby been obtained from the rightful owner, it is essential to show that the party obtaining them did not intend or was not able to pay for them; that is, that he intended to get the goods into his possession by a false pretense for the purpose of defrauding the owner of the price."

It seems useless to cite authorities on the point in view of the express language of the statute. Intention is a question of fact to be submitted to the jury under all the circumstances. When, therefore, the Circuit Court undertook to draw the inference that the fraudulent intent necessarily exists when the person making the pretenses knows them to be false, he invaded the province of the jury. There are doubtless cases the nature of which is such that the only

natural inference to be drawn from obtaining goods under false pretense, known to be false, is that the intent was to defraud, and in all cases knowledge of the falsity of the representation is a circumstance from which the fraudulent intent may be inferred. Such is doubtless a necessary inference in the absence of other circumstances sufficient to raise a reasonable doubt to the contrary. The charge of the Circuit Court was probably influenced by the remarks of Mr. Justice McIver in *State* v. *Haines,* 23 S. C., 173, to the effect that, "If the representations are not only false, but known to be so by the person who makes them, then the intent to deceive would necessarily be inferred." These remarks are admittedly obiter, and if they should be regarded as properly sound in ordinary cases, they are not so when applied to a case where circumstances are relied on which have some tendency to negative an intent to defraud. *State* v. *Woodruff,* 61 Ark., 179, is a case much in point. The Circuit Court having instructed the jury that they must draw an inference of intent to defraud, if they found that the pretense was known by the accused to be false, the prisoner was deprived of his right to have the jury say whether he really intended to provide for the due payment of the check and had good reason to believe in his ability to do so, and, therefore, whether there was any intention to cheat and defraud the prosecutor of his money.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.