# WILLIAM GERTING, Executor, *vs.* MINNIE E. WELLS.

### *Devise and Legacy—Termination of Trust.*

A testator gave his estate to a trustee for the benefit of his daughter, M., "until she arrives at the age of twenty-five years, when the said trust shall cease, and the said property shall vest absolutely in possession in said M. In the event of the death of the said M. without legal heirs," the testator gave the property to his two brothers. *Held,* that the contingent limitation to the testator's brothers in the event of the death of M without legal heirs was intended to take effect upon her death before attaining the age of twenty-five years, and not upon her dying without issue at any time, and that when M became twenty-five years of age the trust ceased and she was entitled to the possession of the property.

Appeal from the Circuit Court for Harford County (VAN-BIBBER, J.)

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*John S. Young* (with whom was *S. E. Penning* on the brief), for the appellant.

*Stevenson A. Williams* and *Thos. H. Robinson* (with whom was *Jos. W. Chamberlain* on the brief), for the appellee.

McSHERRY, C. J., delivered the opinion of the Court.

By the record now before us the last will and testament of Charles Gerting late of Harford County is brought into this Court for interpretation. It bears date on the 16th day of August, in the year eighteen hundred and ninety-two. The clause which gives rise to the pending controversy is in the following words : "I give, devise and bequeath to my brother, William Gerting, all my estate real, personal and mixed, of which I die seized, in trust for my daughter and only child, Minnie Gerting, until she arrives at the age of twenty-five (25) years, when the said trust shall cease, and the said property shall vest absolutely in possession in said Minnie Gerting.

"In the event of the death of the said Minnie Gerting without legal heirs or heir, I give and bequeath to my brother, Frederick Gerting, the sum of two thousand ($2,000) dollars, current money, all the rest and residue and remainder of my estate, real, personal and mixed, of every kind and wheresoever the same may be situated, I give, devise and bequeath to my brother, William Gerting, of the city of Baltimore, in the State of Maryland, his heirs, personal representatives and assigns."

Under proceedings had in 1899, the Circuit Court for Harford County, sitting as a Court of equity, assumed jurisdiction over the trust created by the will and required the testamentary trustee to give bond for the faithful discharge of his duties. Minnie Gerting, the *cestui que trust*, had in the meantime,

married and later on, after she had attained the age of twenty-five years, the trustee filed in the equity cause a petition, asking the Court "to construe said will and all its provisions and determine whether the estate of said Charles Gerting, deceased," then in the hands of the trustee should be paid and turned over to the *cestui que trust*, or whether the trust should continue to await the event of the death of the testator's daughter and the contingency of her leaving issue. The petition was answered and upon that state of the pleadings the question was submitted to the Court. On December 31st, 1903, a decree was signed adjudging that the trust had ceased and terminated and directing the trustee to pay and turn over to the decedent's daughter all the trust estate and property. From that decree this appeal was taken on February 26th, 1904, but the record, though a brief one, was not filed in this Court until September the fifteenth, owing, as the clerk certifies, to the press of business in his office.

We have no doubt whatever that the decree is right. The contention of the appellant is that Minnie Gerting, now Minnie Wells, took under her father's will only a life estate if she should die without leaving children, because the language used in the paragraph next succeeding the one containing the gift to the daughter indicates an intention on the part of the testator to give all of his property to his two brothers in the event of the daughter dying without leaving a child or children. We do not so read the will. The intention of a testator as gathered from the four corners of his will must be gratified if not in conflict with some unbending principle of law or rule of property. In applying this cardinal canon of construction every effort must be made to give effect to all provisions of the instrument, so that conflicts between its several parts shall be avoided and so that the entire paper may be dealt with as an harmonious and consistent document. No valid reason can be suggested for holding that the second clause was designed to limit and cut down to a mere life estate the absolute gift made by the prior paragraph to a trustee for the use of the only person who would have taken the entire estate with-

out limitations of any kind if her father had died intestate. The gift in the first instance is unequivocal. "I give, devise and bequeath to my brother * * * all my estate * * * in trust for my daughter and only child * * * until she arrives at the age of twenty-five years, *when the said trust shall cease, and the said property shall vest absolutely in possession in said Minnie Gerting."* As Minnie Gerting, now Wells, reached the age of twenty-five years in January, 1903, she must have been only fourteen years old when her father executed his will in eighteen hundred and ninety-two. It was in view of this fact, both appropriate and prudent on the part of her father to place in trust the estate he intended she should ultimately possess. But he distinctly restricted the duration of the trust to a period of time which would expire upon her reaching the age of twenty-five years; and upon the cessation of the trust he declared in clear and unambiguous terms that the property should vest absolutely in his daughter. It would be difficult to employ any form of words to express his purpose and design more unequivocally. A testator's meaning must be ascertained by reading what he wrote because what he wrote was intended by him to express his wishes, and what he wrote in the clause now being considered cannot be interpreted in a way to defeat the daughter's absolute estate.

Nor do the subsequent words affect the prior gift. The event of the death of the daughter at an indefinite time without issue, was not a contingency designed by the testator to control the antecedent provision. Death is not a contingent event at all; it is, as said by this Court in *Hammett* v. *Hammett et al.*, 43 Md. 311, "an absolute certainty." Being a certainty but the time when it may happen being uncertain, a testator in referring to it as an event terminating an estate, under conditions like those here presented, must be understood to mean not the contingency of its ever occurring, but the contingency of the *time* it may come to pass in relation to or connection with some other event. In the case just cited that doctrine was applied. There the testator gave by his will to his wife during her widowhood all his property, and then de-

clared, "If she should marry again, I devise the same to my two children equally, and *should one of them die*, the property to go to the survivor, *and in the event of the decease of both*, then the property to go to my brother Jesse and his children, or the next of kin." The widow married and the two children survived that event and both had issue. The question was whether the children of the testator took a fee-simple estate upon the termination of the prior estate of their mother. This Court said: "The testator knew that one or both of his children would die at some period in the future, but he did not know when their death would occur. He is therefore to be presumed, in using the language, should one of them die, to refer not to the fact of death but to some event before or after which it might occur. To apply it to death whenever that might occur, would be to make death a contingent event, while it is an absolute certainty. With knowledge of the certainty of death, but ignorant of the time when it might occur, the testator must be presumed to have intended that his language should have its accurate force and effect, and have reference to the contingency of the death of one or both of his children, before some other event." It was accordingly held that upon the marriage of the widow, the two sons being then alive, took the fee-simple title to the property. The death of the testator's children was thus restricted and referred to the event of its occurring during the continuance of the estate of the widow.

The case before us is precisely similar in principle. "The event of the death of the said Minnie Gerting without legal heirs or heir" obviously means her death before some other event; and as the only other event to which the will alludes is her attaining the age of twenty-five years, it must be to that and to nothing else which the testator referred. This view maintains the integrity of all the provisions of the will, and carries into effect the manifest intention of the testator.

Other apposite illustrations might be cited from the decided cases but it is not deemed necessary to protract this judgment by a reference to them. The case seems to us so free from

any doubt or difficulty that further discussion would serve no useful purpose.    We accordingly affirm the decree appealed against.

*Decree affirmed with costs above and below.*

(Decided December 1st, 1904.)