JAMES E. GODWIN, Guardian Ad Litem of Alice Virginia Kemp and Edgar J. S. Kemp, Jr., Infants,

*vs.*

## WILLIAM WALLACE KEMP, et al.

*Wills: intention of testator. Vesting of estates.*

The intention of the testator, as gathered from the four corners of his will, must be gratified, unless in conflict with some unbending principle of law, or rule of property.     p. 162

In applying this rule, every effort must be made to give effect to all the provisions of the will, so as to make it a harmonious and consistent document.                    p. 162

A testator by his will directed that after the death of his wife the estate he had devised to her should be divided equally among his children; the child, etc., of any child who might be deceased at his wife's death to take its parent's share, etc.; by a subsequent clause of the will it was provided that on the death of any child unmarried and without issue, its share should go to the survivors absolutely: *Held,* that this clause operated to defeat the estates only of such children as had died without issue in the lifetime of the testator.           p. 163

*Decided June 23rd, 1916.*

Appeal from the Circuit Court of Baltimore City. (Dobler, J.)

The facts are stated in the opinion of the Court.

The cause was submitted to Boyd, C. J., Briscoe, Burke, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*Warren A. Stewart* filed a brief for the appellant.

*Hyland P. Stewart* filed a brief for the appellees.

PATTISON, J., delivered the opinion of the Court.

The bill filed by the appellees in this case asks for the con-struction of the last will and testament of Clarence M. Kemp,. who at the time of his death, on the 24th day of July, 1911, resided in the City of Baltimore. He left an estate valued at $165,000, consisting of both real and personal property.

In the second item or paragraph of his will, dated the 4th day of April, 1910, he expressed a desire to make an equitable and fair distribution of his estate among his wife and chil-dren, and to that end directed that his estate be divided into ten parts, which he therein proceeded to dispose of as follows :

"(a) Four-tenths of which I give, devise and be-queath unto my wife, Hannah Frances 'Kemp, if she be living at the time of my death, for and during the term of her natural life only.

"(b) One and one-half tenths thereof I give, devise and bequeath unto my son, William Wallace Kemp, absolutely.

"(c) One and one-half tenths thereof I give, devise and bequeath unto my son, Edgar S. Kemp, absolutely.

"(d) One-tenth thereof I give, devise and bequeath unto my daughter, Katherine M. Kemp, absolutely.

"(e) One-tenth thereof I give, devise and bequeath unto my daughter, Henrietta E. Kemp, absolutely.

"(f) One-tenth thereof I give, devise and bequeath unto my daughter, Alice W. Kemp, absolutely.

"Thirdly—From and after the death of my said wife, Hannah F. Kemp, I direct that the four-tenths of said estate held by her for life shall be divided equally among my five children above named, the child or children of any of my said children who may be deceased at the date of my said wife's death to take the share or shares its or their parents, respectively, would have taken, if living.

"Fourthly—In the event of the death of any of my five children unmarried and without leaving issue sur-viving at the time of their respective deaths, their respective share shall go to and become the property

absolutely of the survivors, and if any shall die with-
out issue living, but leaving a surviving husband or
wife, such surviving husband or wife shall have a life
estate only in the share of the one or more so dying.
And in the event of any or all of my said children
dying leaving issue surviving at the date of their re-
spective deaths, the share of said child so dying shall
go to and become the property of the child or children
so dying."

Afterwards on the 20th day of July, 1911, a codicil was
made to the will which, however, has no effect upon the ques-
tion before us. The testator was survived by his widow and
all of his sons and daughters mentioned in the will.

The appellants, Alice Virginia Kemp, infant daughter of
William Wallace, and Edgar J. S., infant son of Edgar J. S.
Kemp, Sr., and grandchildren of the testator, contend through
their guardian, that by a true construction of the will, "the
children of the testator took a life estate only with the re-
mainder to his grandchildren"; while the appellees contend
that they took, upon the death of their father, absolute vested
estates, in fee simple, in the lands, property and estate de-
vised to them, and this is the view expressed by the Court
below in its decree from which this appeal is taken.

That which gives rise to the present controversy is the ex-
pression of the testator found in the fourth clause of the
will where it is said that "in the event of the death of any of
my five children unmarried and without leaving issue sur-
viving at the time of their respective deaths, their respective
share shall go to and become the property, absolutely of the
survivors, and if any shall die without issue living, but leav-
ing a surviving husband or wife, such surviving husband or
wife shall have a life estate only in the share of the one or
more so dying, etc."

As this Court has said, "the intention of a testator, as
gathered from the four corners of his will, must be gratified
if not in conflict with some unbending principle of law or

rule of property. In applying this cardinal canon of construction every effort must be made to give effect to all provisions of the instrument, so that conflicts between its several parts shall be avoided and so that the entire paper may be dealt with as an harmonious and consistent document." *Gerting* v. *Wells,* 100 Md. 96.

If. this rule be followed in construing the will before us no valid reason can be suggested for holding that the fourth clause was designed to limit and cut down to a mere life estate the absolute gifts to the children of the testator made by the prior item or paragraph of the will.

The language used in the first instance is not open to any doubt. By it the testator devised to each of his sons and daughters an absolute fee simple estate.

As was said by JUDGE McSHERRY, in *Gerting* v. *Wells, supra*:. "It would be difficult to employ any form of words to express his purpose and design more unequivocally."

In the case from which we have just quoted there was a previous absolute gift as in this case, and the testator thereafter said, "in the event of the death of the said Minnie Gerting without legal heir or heirs, I give and devise to my brother Frederick Gerting, etc." It was there held that the subsequent words had no effect upon the prior gift.

In *Lumpkin* v. *Lumpkin,* 108 Md. 470, a case very similar to the one before us where the language in the will was that "in case of either of my children's death without leaving lawful issue, then I will and direct that their portion or inheritance in my estate shall be equally divided between my wife and surviving children."

JUDGE SCHMUCKER in that case said: "In our opinion Mr. Lumpkin has indicated in his will with reasonable certainty the time at which he intended the portions of his estate given by it to his children to finally vest, or, in other words, the time prior to which he intended the death of one of his children without issue to occur in order to cause its share to pass over to his wife and other children. * * * We think that the testator, having in the earlier part of his will

given absolutely to his children in specified portions nine-tenths of his estate, subject to his wife's life interest in four-tenths, intended by the clause in question only to provide alternative beneficiaries for the shares of any of his children who might predecease him without leaving issue to represent them at the distribution of the estate, and did not intend to cut down to life estates or defeasible fees the shares which he had given to his children absolutely." What the Court said in that case is applicable to this case. It harmonizes the different provisions of the will and makes them effective.

There are other cases including *Duering* v. *Brill,* 127 Md. 104, expressing like views to those found in the cases from which we have quoted, but as these last mentioned cases are so strikingly similar to the present case and the controlling principles of law applicable to cases of this character so clearly and forcefully expressed in them, we think it unnecessary to prolong this opinion by reference to other cases.

It is clear to us in this case that the fourth clause operated to defeat the estate of such children only as might die without issue in the lifetime of the testator and as all the children in this case survived the father each and all of them upon his death took under the will an absolute vested fee simple estate.

It follows therefore that the decree of the Court below will be affirmed.

> *Decree affirmed, with costs to be paid out of the estate.*