WILLIAM B. CLAGETT, GUARDIAN AD LITEM FOR COR-
RILLA MULLIKIN CLAGETT, INFANT,

*vs.*

CORNELIA M. BOWIE, CORILLA MULLIKIN
BOWIE CLAGETT AND T. F. BOWIE CLAGETT,
HER HUSBAND.

*Wills: construction; vesting of estates favored.*

In a clause of her will a testatrix devised part of a farm to
each of her two grandnieces; in the event of the death of
either of them, without leaving issue, the part devised to her
was to go to the survivor; but in a later clause the testatrix
declared that such devise so made should vest in her grand-
nieces, "respectively, a fee simple estate and possession shall
be had by them at their arrival at full age"; the will further
provided that, when and as soon as the two grandnieces, or
either of them, should attain the age of 18 years, that either one
of them should have the power and right to dispose of her part
of the farm by will, to whomsoever she should see fit; by a
still later clause it was provided that neither of the nieces
should be entitled to come into possession of the land or the
proceeds thereof until they, or either one of them, respectively,
should attain the age of 21 years; until then the land was to be
under the control and management of their father; it was:
*Held,* that by these provisions the testatrix intended that when
the devisees arrived at the age of 21 years their estate should
become absolute and indefeasible.                    p. 442

The devise of the farm as a whole was intended to depend
solely upon the death of one of the devisees without leaving
issue, and was not meant also to depend upon the fact of one of
them dying without disposing of her portion of the land.
                                                    p. 441

It is not the purpose of the will that the death of one of the devisees without leaving issue should at some later period than the time fixed for the vesting of the estate in remainder, defeat the fee simple title expressly devised.                    p. 441

*Decided March 13th, 1917.*

Appeal from the Circuit Court for Prince George's County. In Equity. (BEALL, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Wm. B. Clagett* submitted a brief for the appellant.

*S. Marvin Peach* (with whom was *T. Van Clagett* on the brief), argued the cause for the appellee.

URNER, J., delivered the opinion of the Court.

This is a special case stated for the construction of a will and codicil executed by Corrilla W. Mullikin, a resident of Prince George's County, who died in the year 1906. The provisions with which the case is concerned are contained in the second and fifth clauses of the will and in the first and third clauses of the codicil, and are as follows:

"I give and devise to Corrilla Mullikin Bowie, daughter of said John M. Bowie" (a nephew of the testatrix), "two hundred acres of land, with the dwellings and other improvements, of the lands conveyed to me by William B. Claggett and wife, the said lands being known as 'Locust Hill' and part of 'Mount Oak,' the said land to be laid off so as to give her one hundred and seventy-five acres of arable land and twenty-five acres of woodland; and to Cornelia M. Bowie, the younger daughter of said John M. Bowie,

all the rest and residue of the said tracts of land recently purchased by me from the said William B. Claggett.  In the event of the death of either of said girls without leaving issue, the property devised to either of them shall go to the survivor, in fee simple."

"The devises of 'Locust Hill' farm, hereinbefore made to Corilla M. Bowie and Cornelia M. Bowie, shall vest in them, respectively, a fee simple estate and possession shall be had by them at arrival at full age; their father, as their guardian without bond, shall have charge of said real estate, manage the same in his discretion during their minority, applying the rents, etc., first as provided in the second and fourth items of this will, and then for their benefit in his discretion; in case of the death of either of said girls the survivor to have all of 'Locust Hills' farm * * * and the proceeds therefrom, provided the one so dying shall leave no issue or descendants."

"It is my will and desire, and I so herein expressly declare it to be such, that either one of the devisees * * * to whom I devised my farm called 'Locust Hill' * * * shall have the power and right to dispose of their said portions of said farm, when and as soon as they or either of them shall respectively attain the age of eighteen years of age by last will and testament, duly executed, to whomsoever they see fit and proper in their best judgment and discretion."

"I further amend said fifth clause * * * in this respect also, that, while I give to said Corilla Mullikin Bowie and Cornelia M. Bowie a right of disposition of said farm and the proceeds therefrom by last will and testament upon the arrival of each at eighteen years of age respectively, that neither one, if living, is to be entitled to come into the possesion of said farm or the portions thereof so devised to them in said will, or the proceeds therefrom, until they or either one of them shall respectively attain the age of twenty-one years, but that until then the same is to contiune under the control and management of their father."

The two devisees of the lands composing the Locust Hill farm survived the testatrix and are now above the age of twenty-one years. They have agreed upon a division of the lands, in accordance with the terms of the will, and have entered into possession of their respective portions. A question having been raised as to whether their title is absolute or defeasible, the present case has been stated and submitted in order that the nature of their estate may be judicially determined. The specific inquiry to be made is concerned with the meaning and effect of the provision that in the event of the death of either of the devisees without leaving issue, the land devised to the one so dying should go to the survivor. Whether this limitation was intended to apply to the death of one of the devisees *at any time* without leaving issue, or is to be construed as confining that contingency to the lifetime of the testatrix, or to the period of the devisee's minority, is the question to be decided.

The provisions we have quoted from the will and codicil indicate, we think, with reasonable clearness, an intention upon the part of the testatrix that when the grandnieces, to whom she devised the farm, arrived at the age of twenty-one years, their estates should become absolute and indefeasible. It is distinctly stated in the will that the devises "shall vest in them, respectively, a fee simple estate and possession shall be had by them at arrival at full age." The management of the farm is committed to their father, as guardian, during their minority, with directions to apply the rents, in the first instance, to the payment of bequests to other persons, and then, in his discretion, for the benefit of his daughters, the devisees, until they should attain their majority and become entitled to the possession of the portions of the land devised to them in severalty. In connection with the provision to that effect the will repeats the contingent limitation of the entire farm to the surviving devisee in case of the death of one of them without leaving issue. Inasmuch as neither of the devisees was to have in possession

her allotted portion of the farm until she became of full
legal age, and as each was then to possess her portion indi-
vidually under a fee simple title, the provision that the
survivor should *have* the whole farm in case of the death of
her sister without leaving issue plainly intends that the con-
tingency specified is to be referred to the period prior to the
time when the separate estates of the devisees were to vest in
possession. By the codicil each of the devisees was given
the right to dispose of her portion of the farm by will when
she arrived at the age of eighteen years. No reference to the
exercise of that right is contained in the limitation of the
property to the surviving devisee upon the contingency men-
tioned. The devise of the farm as a whole to the survivor
is made to depend solely upon the death of one of the
devisees without leaving issue, and not also upon the omis-
sion of the one so dying to dispose by will of her portion of
the land. The fact that the testatrix, in providing for the
vesting of the farm in the surviving devisee, in the event
of the death of one without issue, made no allusion to the
exercise of a testamentary right which the will was confer-
ring upon each devisee, and which was repugnant to the
limitation over, suggests the idea that the stated contingency
was intended to be determined prior to the existence of the
declared right of disposition. But it was manifestly not the
purpose of the will that the death of one of the devisees,
without leaving issue, at some later period than the one
fixed for the vesting of the estate in possession, should defeat
the fee simple title expressly devised.

There are cases in which limitations over in the event of
the death of the first devisee without leaving issue have been
held to refer to the occurrence of such a contingency in the
lifetime of the testator. *Duering* v. *Brill,* 127 Md. 104;
*Lumpkin* v. *Lumpkin,* 108 Md. 470; *Md. Realty Corpora-
tion* v. *Mitchell,* 128 Md. 698; *Godwin* v. *Kemp,* 129 Md.
159. In other cases such limitations have been construed as
rendering the estate of the original devisee defeasible upon

his death without leaving issue *whenever* that event might occur. *Wilson* v. *Bull,* 97 Md. 137; *Weybright* v. *Powell,* 86 Md. 577; *Hutchins* v. *Pearce,* 80 Md. 434; *Lednum* v. *Cecil,* 76 Md. 150; *Devecmon* v. *Shaw,* 70 Md. 220; *Gambrill* v. *Forest Grove Lodge,* 66 Md. 17; *Mason* v. *Johnson,* 47 Md. 347. In *Booth* v. *Eberly,* 124 Md. 22, and *Fairfax* v. *Brown,* 60 Md. 50, contingencies of the class we are considering were referred to the time when the devisees were to come into possession of the property at the expiration of preceding life estates, and in *Gerting* v. *Wells,* 100 Md. 93, the contingency of the devisee's death without legal heirs was held to relate to the period anterior to the vesting of the estate in the possession of the devisee upon her becoming twenty-five years of age. The different conclusions in the cases cited were based upon the varying terms and context of the particular wills submitted for interpretation, and were governed by the cardinal rule that the evident intention of the testator upon the subject should be given effect. In this case the provisions of the will and codicil leave no doubt in our minds as to the purpose of the testatrix that the title of her grandnieces to the portions of the farm devised to them respectively should at the latest be indefeasible when their estates vested in possession upon their arrival at the age of twenty-one years, and as this was the view adopted by the Court below, its decree will be affirmed.

*Decree affirmed, with costs.*