ZACCHEUS COLBY and CHARLES COLBY, Appellants, v. JAMES H. DOTY and BERTHA E. UPTON, Impleaded, etc.,, Respondents.

WILL — DEVISE SUBJECT TO DEFEAT BY DEATH DURING MINORITY. The will of a testator having only one child, a daughter who was nine years old at the date of the will and thirteen at the testator's death,, . after giving the residuary estate to the daughter and making one of the executors a trustee, to hold and manage it during the minority of the child, the same "to be made over to her" on attaining the age of twenty-one years, continued as follows: "In the case of the death of my said daughter without lawful issue of her own body living at the time of her death, then and in that case on her death so without child or children, I give, devise and bequeath the said property and estate hereby devised to my said daughter, as follows." etc. Held, that the death referred to was death during minority; that the testator's intention was to vest at once the fee of the real estate and the absolute ownership of the personal property in his daughter, subject to being divested by her death before attaining her majority, without leaving lawful issue ; and that the daughter had full power of disposition on reaching majority.

Colby v. Doty, 92 Hun, 607, affirmed.

(Argued January 31, 1899; decided February 28, 1899.)

APPEAL from a judgment of the late General Term of the Supreme Court in the fifth judicial department, entered December 26, 1895, affirming a judgment of the Special Term sustaining a demurrer to the complaint.

The nature of the action and the facts, so far as material,, are stated in the opinion.

George F. Yeoman for appellants. There is no defect of parties plaintiff. (Anderton v. Wolf, 41 Hun, 572; Littell v. Sayre, 7 Hun, 485 ; Wing v. Bull, 38 Hun, 291 ; Jones v. Felch, 3 Bosw. 63.) The complaint states facts constituting a cause of action. (Matter of N. Y., L. & W. R. Co., 105 N. Y. 89; Vanderzee v. Slingerland, 103 N. Y. 47; Mead v. Maben, 131 N. Y. 255; Benson v. Corbin, 145 N. Y. 359; Mullarky v. Sullivan, 136 N. Y. 227; Matter of Denton, 137 N. Y. 428; Fowler v. Ingersoll, 127 N. Y. 472; Becker v. Becker, 22 App. Div. 234; Chapman v. Moulton, 8 App.

Div. 64; *Matter of Baer*, 147 N. Y. 348.) This action is properly brought if the plaintiffs have an interest under the will. (*Smith* v. *Van Ostrand*, 64 N. Y. 278; *Trustees, etc.*, v. *Kellogg*, 16 N. Y. 83.)

*William F. Cogswell* for respondents. The will gave to the daughter of the testator the fee in the real estate and the absolute ownership of the personal property, subject to being defeated by the death of the daughter without lawful issue before becoming of age. (1 R. S. 729, §§ 58, 59.) Where there is a testamentary gift to one person and in case of that person's death without issue then to others, the contingency referred to is the death of the first taker in the lifetime of the testator. (*Quackenbos* v. *Kingsland*, 102 N. Y. 128; *Stokes* v. *Weston*, 142 N. Y. 433; *Washbon* v. *Cope*, 144 N. Y. 287; *In re Tienken*, 131 N. Y. 391; *Banzer* v. *Banzer*, 156 N. Y. 429.)

BARTLETT, J. This action was brought, practically, to construe the will of Hiram Shearman, deceased; to determine what the intention of the testator was when disposing of his residuary estate to his only child.

The demurrer rests upon two grounds, viz.: Defect of parties, and the failure of the complaint to state facts sufficient to constitute a cause of action. On the argument, we were requested to confine our examination to the second ground.

The testator made his will June 13th, 1874, and died on the 12th of April, 1878, leaving a widow and one child, a daughter named Electa, who was nine years old when the will was made and thirteen years old when her father died.

At the time of testator's death, the legatees and devisees mentioned in the will were all living except testator's brother Abner, and were the widow, the daughter and certain nephews and nieces.

The daughter, Electa, married the defendant James H. Doty on the 6th of November, 1884, and died on the 27th of December, 1894, having never borne any children.

This action was begun in April, 1895, on behalf of the

nephews and nieces, to reach property, real and personal, in the possession of the defendant James H. Doty, the surviving husband of the daughter Electa, and his sister, the defendant Bertha E. Upton, the claim being that Electa died possessed of a large amount of property, the absolute title to which was not vested in her at the time of her death, she being childless, but passed to the nephews and nieces under the will of Hiram Shearman.

By the first subdivision of this will the testator created a life estate in favor of his wife in both real and personal property.

It is the second subdivision of the will that is involved in this action. It reads as follows: "II. I give, devise and bequeath to my daughter, Electa Shearman, the piece or parcel of land on the opposite side of the Buffalo road from the above-described farm on which I live, containing about three acres of land and being a part of the Harvard farm, so-called, which was conveyed to me by my father, as well as the above homestead farm on which I live, subject to the above devise, of the use, income and profits of the one-half thereof to my said wife; also all the rest, residue and remainder of my estate, both real and personal, of whatsoever name, kind or description, and wheresoever the same may be, not herein otherwise devised, including all my bonds, mortgages, evidences of debt, and every other species of personal property, as well as all my real estate not herein otherwise disposed of; the same to be held and managed by my brother Abner Shearman, one of my executors hereinafter named, whom I hereby appoint a trustee for that purpose until the said Electa shall arrive at the age of twenty-one years; then the same to be made over to her by my said executor, if she shall be then living. In the case of the death of my said daughter Electa without lawful issue of her own body living at the time of her death, then and in that case on her death so without child or children, I give, devise and bequeath the said property and estate hereby devised to my said daughter, as follows:" (Here are named a number of devisees and legatees.)

As Abner Shearman, appointed the trustee of Electa during her minority, died before the testator, the executor of the will of Hiram Shearman on due settlement of his accounts paid over to Hiram Doty, the general guardian of Electa, on the 3d day of June, 1879, $59,839.76. On the 6th day of April, 1886, Hiram Doty, as such guardian, paid over to Electa, who was then of age and the wife of James H. Doty, principal and interest aggregating over seventy-five thousand dollars.

As before stated, Electa survived until December 27th, 1894, when she died without issue.

It is the contention of the appellants that under the second subdivision of the will the testator, without creating a trust to carry out his intention, vested the entire residue of his estate in his only child, Electa, for life, unless she left lawful issue of her body living at the time of her death; that she having died childless, the contingent gifts over took effect at that time.

On behalf of the respondents it is urged that the will gave to Electa the fee of the real estate and the absolute ownership of the personal property, subject to being divested by her death before attaining her majority, without lawful issue of her body surviving.

It seems to us very clear that the latter construction of the will is the proper one, and that the result is readily reached by giving force and effect to all the language employed and keeping in mind the fact that the testator was dealing with his only child, a daughter nine years of age.

It would require language absolutely clear to satisfy the court that this testator intended to leave his residuary estate to his daughter, who, in the order of nature, might survive him for half a century or more, and subject her to the possible peril of having her title reduced to a life estate at the time of death in default of issue then living. It would be a hard and unnatural will, in favor of which no presumptions should be indulged.

Turning to the will before us we find language reasonably clear, disclosing a testamentary intention in harmony with

the situation in which the testator found himself when drawing it.

The material provisions are as follows : " I give, devise and bequeath to my daughter, Electa Shearman   *   *   *   all the rest, residue and remainder of my estate, both real and personal,   *   *   * ;  the same to be held and managed by my brother Abner Shearman, one of my executors hereinafter named, whom I hereby appoint a trustee for that purpose until the said Electa shall arrive at the age of twenty-one years, then the same to be made over to her by my said executor if she shall be then living. In the case of the death of my said daughter Electa, without lawful issue of her own body living at the time of her death, then and in that case on her death so without child or children, I give, devise and bequeath the said property and estate hereby devised to my said daughter as follows," etc.

These provisions disclose one dominating, consistent idea throughout.

To this only child and daughter, nine years of age, he gives his entire residuary estate, making one of his executors a trustee to hold and manage it during the minority of the child, and the same " to be made over to her " on attaining the age of twenty-one years. Then follows the provision for gifts over in case of her death leaving no lawful issue.

In view of the preceding sentence directing the absolute payment to Electa of the residuary estate upon attaining the age of twenty-one years, the conclusion is irresistible that the death referred to is during her minority.

Even if this were not so, the appellants would encounter the well-settled rule in this court, that where there is a devise to one person in fee, and in case of his death to another, the contingency referred to is the death of the first-named devisee during the lifetime of the testator, and that if such devisee survives the testator, he takes an absolute fee ; that the words of contingency do not create a remainder over to take effect upon the death, at any time, of the first taker, nor an executory devise, but are merely substitutionary and used for the

purpose of preventing a lapse in case the devisee first named should not be living at the time of the death of the testator. (*Matter of N. Y., L. & W. R. Co.*, 105 N. Y. 92; *Stokes* v. *Weston*, 142 N. Y. 433, 436, 437, and cases cited.) The application of this rule would have vested the title of the residuary estate in Electa when she was thirteen years of age, as her father died at that time.

It is, however, clear, as already pointed out, that the testator's intention was to vest at once the fee of the real estate and the absolute ownership of the personal property in his daughter, subject to being divested by her death before attaining her majority without leaving lawful issue.

The testator evidently contemplated his own death during the minority of his daughter.

It is suggested by the appellants that this construction of the will gives the estate to those not of the testator's blood, and cuts off his nephews and nieces.

The answer is that it was the intention of the testator to bestow his entire residuary estate upon his only child when she was twenty-one years old, and that thereafter she could dispose of it as she saw fit by will or otherwise.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.