JEREMIAH J. DESMOND, TRUSTEE, *vs.* ELIZABETH J.
MACNEILL ET ALS.

* First Judicial District, Hartford, January Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

In his codicil a testator directed that at the death of his wife and sister,
    to .whom he had devised life estates, the property should go "to
    my cousin [naming her] for herself and children." In a suit to
    construe this clause, it was *held* that the cousin, who was still
    living, took a life estate only, and that the remainder in fee vested
    in her children, *per stirpes*, as a class, which would open to let in
    any after-born child or children should there be any, and would
    also include the personal representatives of any child who might
    predecease its mother.

* Transferred from second judicial district.

Desmond *v.* MacNeill.

Upon a sale by the Court of Probate of real estate which has been devised, the devisees are entitled to share in the proceeds of the sale in exactly the same way that they would have been entitled to share in the realty had there been no sale.

Submitted on briefs January 4th—decided March 15th, 1916.

Suit to determine the construction of a clause in the codicil of Robert P. Sherwood, late of Galveston, Texas, deceased, devising real estate situated in Norwich in this State, brought to and reserved by the Superior Court in New London County, *Bennett, J.*, upon the facts alleged in the complaint and admitted by the answers, for the advice of this court.

September 17th, 1903, Robert P. Sherwood died domiciled in Galveston, Texas, leaving, as a part of his estate, real estate in Norwich in this State, and a will and codicil thereto duly probated in Texas and, by exemplified copy, in the Norwich probate district. By the codicil he gave the use of his Norwich real estate to his wife and a sister, both now deceased, for and during their natural lives. The remainder over, upon their decease, he gave, to quote the language of the codicil, "to my cousin Mrs. Lizzie McNeil for herself and children." In 1914 this real estate was sold by order of the Court of Probate, and the proceeds of such sale invested in a note and mortgage. The plaintiff is the trustee of this invested fund, and holds the same as such trustee subject to the terms of the will in lieu of the real estate. The defendant Elizabeth J. MacNeill is the person referred to in said codicil as the testator's cousin, Mrs. Lizzie McNeil. She has four children, two of whom are of age and two minors. These are her only children, and no child of hers has died leaving children. Questions have arisen as to the true construction and meaning of the gift over contained in the codicil to Mrs. MacNeill for herself and children, and the Superior Court is asked to advise

who are entitled to take, and if more than one, in what interests and proportions.

*Jeremiah J. Desmond*, for the plaintiff.

*Arthur M. Brown* and *Charles V. James*, for the defendants Elizabeth J., Harold J., and Julia M. Mac-Neill.

*Virtume P. A. Quinn*, for the defendants William J. and Samuel P. MacNeill.

PRENTICE, C. J. The conversion of the real estate, which is the subject-matter of the codicil provisions, into invested funds does not in any material manner change the questions presented or the answers to them. Those persons who would be entitled to an interest in the former are entitled to like interest in the latter.

The language of the codicil, in so far as the testator by it undertook to dispose of the remainder-over, in the property concerned, upon the death of his wife and sister, is clearly ambiguous. It is so ambiguous that four different interpretations are either claimed or discussed as possible by counsel.

Mrs. MacNeill contends that the language in which the gift over is couched should be interpreted as vesting in her a remainder in fee simple, and those of her children who have attained their majority appear to concur with her. This result, however, cannot be reached except by treating the words "for herself and children" as merely indicative of the testator's wishes as to the use and disposition Mrs. MacNeill should make of the property given to her, or else by interpreting the word "children" as synonymous with "heirs," and converting the phrase into one giving the property to her and her heirs forever. Neither of these construc-

tions is consonant with the natural meaning of the language the testator employed, and there is nothing in the will to indicate an intent on his part which either construction would effectuate. On the contrary, it is reasonably evident that he intended that Mrs. Mac-Neill's children should be beneficiaries under the will. Looking at that instrument, which, like its codicil, appears to have been drafted by the testator himself, we find that he knew how to make absolute gifts of real estate in direct and appropriate language and without any such circumlocution as was employed in that in question, and it is scarcely credible that he used the peculiar phraseology of the codicil without some other purpose in mind than that of giving Mrs. MacNeill a remainder in fee simple.

As bearing upon the second of the suggested alternative constructions, it is indeed true that the word "children," which is normally a word of purchase, may, in the interpretation of a will, be read as the equivalent of "heirs" used as a word of limitation; but this will not be done except in cases where it is necessary to give effect to the instrument, or where the context clearly discloses that such was the sense in which the testator employed it. *Annable* v. *Patch*, 20 Mass. (3 Pick.) 360, 363; *Buffar* v. *Bradford*, 2 Atkyns, 220, 221; *Beecher* v. *Hicks*, 75 Tenn. (7 Lea) 207, 213; *Schaefer* v. *Schaefer*, 141 Ill. 337, 343, 31 N. E. 136.

To the suggestion that the testator intended to give the property to Mrs. MacNeill in trust for herself and children, there is the double objection that thereby she would become trustee for herself, which the testator could scarcely have intended, and that such construction would not accomplish a disposition of the entire fee, a result apparently foreign to the testator's intention.

Another suggested construction is that the devise was one to Mrs. MacNeill and her children as tenants in common. It will be noted in this connection that the gift is not made to Mrs. MacNeill and her children, but to Mrs. MacNeill for herself and children. The title is thus made primarily to pass to her. Her children stand in a secondary place or relation to the property. Evidently the testator had it in mind that there was to be a difference between mother and children in respect to the title or interest which they were respectively to take. *Noe* v. *Miller*, 31 N. J. Eq. 234, 236.

There remains a fourth, and in our opinion a more reasonable view, to wit: that the testator intended to give the property to Mrs. MacNeill for her life, and that upon her death it should go to her children, or in other words, that she should take a life estate and her children the remainder-over in fee. This, we think, accords better than any other construction with the words which the testator used and his probable intent as his language discloses it. The courts have commonly given such a construction to similar language, and distinguished between the effect of such language and that making gifts or devises to a person and his or her children. *Noe* v. *Miller*, 31 N. J. Eq. 234, 237; *Bain* v. *Lescher*, 2 Simons, 397, 401; *Schaefer* v. *Schaefer*, 141 Ill. 337, 343, 31 N. E. 136; *Chesnut* v. *Meares*, 56 N. Car. (3 Jones' Eq.) 416, 418; *White* v. *Williamson*, 2 Grant's Cases (Pa.) 249, 253.

The children of Mrs. MacNeill took as a class, in which are to be included not only those living at the decease of the testator but also those who might be after-born.

The Superior Court is advised that Mrs. MacNeill is entitled to the life use of the invested fund in the plaintiff's hands, and that upon her death her children,

forming a class including both those living at the testator's death and any who may have been or may be thereafter born, or the legal representatives of any then deceased, take the principal of the fund in absolute ownership in equal shares between them *per stirpes*.

No costs will be taxed in this court in favor of either party.

In this opinion the other judges concurred.