PHILIP H. HORTON, Plaintiff, *v.* HENRY D. HORTON et al., Defendants.

(Supreme Court, Suffolk Special Term, June, 1919.)

Wills — construction of — provisions of — real property — vesting of title — partition.

Where a testatrix gave certain real estate, one-half to her nephew and one-half to a certain great-nephew " unless he dies before twenty-one or without family," in which case his share was to go to another great-nephew, the devise to the first great-nephew becomes absolute upon his arriving at the age of twenty-one although he is then without issue. His estate then vests and is not subject to being divested in the event of his death without family.

This is so although testatrix, who was seventy-two years of age when she made the will, expressed therein her desire that the real estate should stay in the family and it appears that relations were somewhat strained between her and the great-nephew's mother; that the great-nephew was but thirteen years old when the will was made and that testatrix thereafter wrote another proposed will which was never executed changing her dispositions and cutting down the great-nephew's share from one-half to one-third although leaving the provisions as to the vesting of title as before.

ACTION for partition.

Silas A. H. Dayton, for plaintiff.

Eadie, Innes & Walser, for defendant Henry D. Horton.

Herbert L. Fordham, guardian *ad litem,* for Philip Goldsmith Horton.

YOUNG, J. This action is for the partition of certain real property in Suffolk county and involves the con-

struction of the will of Nannie W. H. Conklin. The clause of the will which is in controversy is as follows: "All the rest of my property real and personal I give one-half to my nephew Phil H. Horton, and one-half to my great-nephew Henry D. Horton, Jr., unless he dies before twenty-one or without family then his part goes to my great-nephew Philip Goldsmith Horton. It is my wish and desire that the old Homestead together with the property across the street be retained in the Horton family as long as possible and practicable."

It appears that the testatrix executed this will January 19, 1911, and was at that time about seventy-two years of age. She died March 3, 1918. At the time the will was executed the defendant Henry D. Horton, who is described in the will as Henry D. Horton, Jr., was about thirteen years of age. He is now about twenty-two.

The question presented is whether under the above clause of the will Henry D. Horton, having survived the testatrix and being now over twenty-one years of age, is vested with an absolute unqualified estate in fee in the one-half of the property devised by the will, or whether the estate in him is subject to being divested in the event of his death without family, or without issue, as it is conceded that word must be construed.

The testatrix was the daughter of Thomas I. Horton and Eliza D. Horton, who died many years ago. She had two sisters and a brother, Henry D. Horton, now deceased. Henry D. Horton had two sons, the plaintiff and Thomas O. Horton. The defendant Philip Goldsmith Horton is the son of the plaintiff and is an infant about twelve years of age. Thomas O. Horton died in July, 1910, leaving him surviving the defendant Henry D. Horton and a widow Maud or "Molly." The father of Thomas O. Horton mortgaged his farm to the extent of $4,500 in order that Thomas might go

through college. None of these advances were ever repaid, although when Thomas died he left an estate of about $25,000. His will left his property to his wife and in addition provided that in the event of the death of both his wife and child before him his property should go to a brother and sister of his wife in equal shares. It is contended by the guardian of Philip Horton that this provision when discovered was displeasing to the Horton family, and it appears that the widow sent to the testatrix an abstract of the will which omitted that provision. The testatrix, however, subsequently discovered this provision, for her will, together with a letter and a paper upon which was written a copy of that clause, were found in an envelope together. The letter seems to have been an attempt to make a codicil, but was never properly attested. It is as follows:

*" March 25th,* 1912.

" There have been changes since I made my Will. I wish to make some changes in it. I do not feel to write it all over so write what I now wish, expecting my Executors to go by this. The sum of $1000, which I left for the use of my sister Henrietta Horton, now deceased I wish given outright to my nephew Philip H. Horton. All indoor movables (except money) to my sister Mary E. H. Terry to do as pleases her best. I give all my real estate property one third to Philip H. Horton, one third to Philip Goldsmith Horton and one third to Harry D. Horton jnr, if he dies before twenty one, or without family his third to go equally to Philip and Goldsmith. It is my desire that the old Horton Homestead be kept in the Horton family, also property across the street as long as possible and practicable. Any personal property that may be left after my affairs are settled I give to my brother Henry D. Horton. NANNIE W. H. CONKLIN."

Supreme Court, June, 1919.          [Vol. 107.

I think the construction of this will is controlled by the case of *Jackson* v. *Blansham*, 6 Johns. 54. In that case the testator gave all the remainder of his real and personal estate to his six children, providing " but if any one or more of my above named children should die before they arrive to full age or without lawful issue, that then his, her or their part or share of my estate shall devolve upon and be equally divided among the rest of my surviving children and to their heirs and assigns forever." Matthew, one of the sons, died without lawful issue after he was of full age and after having parted with a share in the estate, leaving another child as the only survivor. The court held that the devise to Matthew became absolute as soon as he arrived at the age of twenty-one, though he had no lawful issue, and that the devise over did not take effect and that the word " or " should be construed as " and." It is also said in that case that it is an established rule " that the words ' or ' and ' and ' are not in deeds and wills to be always held to a strict grammatical sense but ' or ' is to be taken for ' and ' and ' and ' to be taken for ' or ' as may best comport with the intent and meaning of the grant or devise." P. 56.

The doctrine contained in this case seems never to have been overruled or questioned, but has frequently been followed. See *Roome* v. *Phillips*, 24 N. Y. 463, 469; *Miller* v. *Gilbert*, 144 id. 68, 74; *Scott* v. *Guernsey*, 60 Barb. 163, 177; affd., 48 N. Y. 106; *Bryer* v. *Finnen*, 178 App. Div. 671, 673.

A somewhat analogous case is that of *Colby* v. *Doty*, 158 N. Y. 323, where the will in question after giving the residuary estate to his daughter, and making one of the executors a trustee to hold and manage it during her minority, the same to be " made over to her " on attaining the age of twenty-one years, further pro-

vided: " In the case of the death of my said daughter without lawful issue of her own body living at the time of her death," that the property should go to others named. It was held that the death referred to was death during minority and that the testator's intention was to vest at once the estate in his daughter subject only to being divested by her death before majority without leaving lawful issue, and that on reaching majority the daughter had full power of disposition.

It was held in the case last cited that the estate would in any event vest in the daughter under the well-settled rule that where there is a devise to one person in fee and in the case of his death to another the contingency referred to is the death of the first-named devisee during the lifetime of such testator, and that if such devisee survives the testator he takes an absolute fee; that the words of contingency do not create a remainder over to take effect upon the death at any time of the first taker, nor an executory devisee, but are merely substitutionary and used for the purpose of preventing a lapse in case the devisee first named should not be living at the time of the testator's death. Citing *Stokes* v. *Weston,* 142 N. Y. 433.

But the guardian *ad litem* contends that the surrounding circumstances in the case at bar show a clear intention on the part of the testatrix to give to the defendant Henry D. Horton only a determinable fee defeasible upon the events, either of his death before arriving at the age of twenty-one, or his death without issue at any time. He asserts that her reason for this was in order that the property in question might remain in the Horton family as long as possible and points to the language of the will to this effect. He also claims in substance that her particular reason for this desire was that it should not in the event of

44

Henry's death without issue go to his mother, and calls attention to the circumstances above narrated concerning Thomas Horton's will and the letter of the testatrix.

It seems to me, however, that the evidence relied upon by the guardian *ad litem* furnishes too slender a foundation upon which to base the clear intention which he claims for the testatrix. The letter, while it cuts down Henry's share in the residuary estate to one-third, contains precisely the same condition as the will. It does not attempt to deprive Henry's mother of her legacy. It therefore throws no light on the meaning and intention of the will, which is of course controlling.

The expressions contained in the will and the letter as to the desires of the testatrix are not, of course, controlling. See *Tillman* v. *Ogren,* 182 App. Div. 672. In that case the testatrix gave her residuary estate to her husband " with the understanding " that all of the estate remaining undisposed of at his death should be given and turned over to the plaintiff. It was held that there was an absolute gift to the husband with unlimited power of disposition, and that the understanding referred to in the will meant no more than the expression of an understanding or desire of the testatrix that her husband should give the property to her sister.

I have not overlooked the case of *Matter of Cramer,* 59 App. Div. 541; affd., 170 N. Y. 271. In that case the testatrix gave her property to two specified great-grandchildren, share and share alike, providing that in case of the death of either without heir or heirs the share of the deceased great-grandchild should go to the survivor. The court held that the will did not refer to a death in the lifetime of the testatrix, but that the property vested contingently in the great-

grandchildren subject to the death of one or the other, in which event the share of the deceased beneficiary dying without heirs was divested and vested absolutely in the survivor. It seems to me, however, that that case is not controlling of this. There the testatrix was eighty-five years of age at the time she made her will, and the great-grandchildren were eleven and nine respectively, and it was said by the court that it could not have been intended to restrict the survivorship without heirs to a death prior to that of the testatrix, because in the natural course of events if one of them died before her she would leave no children. Although the guardian here contends that the same reasoning applies to the case at bar, I am unable to agree with this view. Here the testatrix was but seventy-two years of age and Henry Horton about thirteen. It was not improbable that Henry might marry and have children before the death of the testatrix or even die leaving children before her. The testatrix did not die until she was seventy-nine, and Henry is now twenty-two.

I conclude, therefore, that the defendant Henry D. Horton is entitled to an absolute estate in fee in an undivided half of the premises sought to be partitioned, and I direct interlocutory judgment accordingly.

Judgment accordingly.