## Edmunds, et al. v. Bronaugh.

(Decided March 27, 1925.)

### Appeal from Christian Circuit Court.

1. Wills—Testamentary Papers Construed as Vesting Fee-Simple Estate.—Testamentary papers must be construed as vesting fee-simple estate, unless contrary intention is clearly manifested.
2. Wills—Law Favors Vesting of Absolute Estates.—The law favors vesting of absolute estates.
3. Wills—Devisees Held to Take Absolute Fee on Arrival of Testatrix's Son at 21 Years of Age.—Under will by which testatrix devised her estate to her children to remain intact until her son

attained age of 21 years, when it was to be divided equally be-
tween them, and providing for disposition of share of any child
dying without issue, devisees took an absolute estate in fee on
arrival of son at age of 21, "dying without issue," referring to
time before period of division fixed by will.

4.   Wills—Testatrix's Intention to be Effective Must be Expressed.—
Testatrix's intention to be effective as to disposition of her prop-
erty by will must be expressed.

JOHN T. EDMUNDS, BREATHITT & BREATHITT and STITES
& STITES for appellants.

S. Y. TRIMBLE and MISS MARY BRONAUGH for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Revers-
ing.

The last will and testament of Mrs. Mollie C. Ed-
munds is presented by this appeal for construction. It
was made in May, 1884. In 1890 the testatrix died sur-
vived by her four children, three daughters and a son.
At the time of the making of the will the son was only
eleven years of age and one of the daughters was only
sixteen years of age, while the other two daughters were
above the age of twenty-one years.

The first item of the will provides for the payment
of the just debts of the testatrix and the appointment of
an executor.

The second item of the will is in these words:

"I will that all my property shall remain un-
divided until by son John T. Edmunds arrives at the
age of twenty-one years, and that he be educated out
of my estate, and when my said son attains the age
of twenty-one years I will that my estate be equally
divided between my said son and my three daughters,
Mary, Susie and Lucy Edmunds. The annual in-
come from said estate to be equally divided among
my said children after deducting my said son's
yearly schooling charges, and until a final division
of my estate, I will that my house to be built on Main
street, on the lot purchased of H. A. Phelps and
wife, to be a home for my said children, but should
any of my children marry before a final division of
my estate then it is my will that those who have re-
mained single shall have the privilege of buying said
house and lot at fair valuation."

The third item of the will provides:

"I will that the portion of my estate going to my daughters afsd, shall be for their sole and separate use, free from the control of any husband which they may hereafter have, and at the death of any of my children dying without issue the property belonging to them at that time is to go to their sisters and brother, or their heirs, and should my son die without lawful issue his property is to be equally divided between his sisters and their heirs, if any."

The fourth provision of the will reads:

"I will that no part of the real estate of which I may die possessed shall be sold unless the proceeds of same are reinvested in real estate under the same limitations and restrictions."

It is the contention of appellants that they as the children and devisees of their mother, Mrs. Mollie C. Edmunds, are vested with a fee simple estate in and to the property disposed of by the will, while appellee Mrs. Bronaugh insists that the will vests nothing more than a defeasible fee, and so held the trial court, saying in its decree:

"It appearing to the court that all the parties hereto are interested in such construction of said will, and that an actual controversy and issue exists between the plaintiffs and the defendant, with respect thereto, and the court having considered the pleadings, and having heard the argument of counsel, and being sufficiently advised, is of opinion and, accordingly, adjudges that under and by virtue of the last will and testament of Mrs. Mollie Edmunds, dated May 17th, 1884, and probated February 3rd, 1890, and recorded in will book 'Y' at page 73 of the Christian county court clerk's office, the plaintiffs, John T. Edmunds, Lucy Edmunds, Susan E. Stites and the defendant, Mary E. Bronaugh, the four surviving children of said testatrix, each took, by and under the provisions of their said mother's will, a defeasible fee only, in and to an undivided one-fourth interest in all the lands owned by their said mother at the time of her death, and described in the petition herein, the title of each subject to be defeated upon her death, without issue, at any time in the future."

In brief of counsel for appellants it is said: .

"In the trial court it was the contention of the appellants that, under a familiar principle of law, inasmuch as the will in question postponed the period of distribution until the youngest child became of age, the words 'dying without issue' meant dying without issue prior to, but not after, the arrival of the postponed period of distribution. This was the sole question in the lower court, and it is the sole question on this appeal."

One of the first rules applicable to devisees is that testamentary papers must be construed as vesting a fee-simple estate, unless a contrary intention is clearly manifested. Dunn's Admr. v. Dunn, 191 Ky. 818.

The law favors vesting of absolute estates. The restraint upon alienation impedes commercial and industrial progress and is not in law to be encouraged. With these principles in mind let us determine, if we can, just what the testatrix intended by what she wrote as her last will. She fixed the time at which her property shall be divided among her four children by the first sentence of the second item of the contested paper, reading, "I will that all my property shall remain intact until my son John T. Edmunds arrives at the age of twenty-one years." As he was only eleven years of age at the time of the making of the will, the property or estate was to continue intact for a period of ten years. To make absolutely certain her intention as expressed in the foregoing sentence she adds in the same item, *"and when my said son attains the age of twenty-one years I will that my estate be equally divided between my said son and my three daughters, Mary, Susie and Lucy Edmunds."* Nothing could, therefore, be more certain than that the testatrix intended that her estate should remain intact until her son, John, attained the age of twenty-one years, at which time it should be divided into four equal parts. Some confusion has arisen because the testatrix, after writing the above, said, "The annual income from said estate to be equally divided among my said children after deducting my said son's yearly schooling charges, and until a final division of my estate." This is clear enough when we remember the "schooling" of a boy is generally completed by or before he attains the age of twenty-one years. No doubt, the testatrix intended her son to complete his "schooling" during his minority; and, further,

that she did not intend the estate to be divided until after that period. The expression "and until a final division of my estate," being the concluding clause of the sentence above copied, reaffirms the testatrix's purpose to have a final division of her estate when her son attained the age of twenty-one years. That part of the will which caused this controversy is contained in the third item, and reads:

> "And at the death of any of my children dying without issue, the property belonging to them at that time is to go to their sisters and brother, or their heirs, and should my son die without lawful issue his property is to be equally divided between his sisters and their heirs, if any."

It being contended by appellants that the expression "at the death of any of my children dying without issue," the death of a child before the son arrived at the age of twenty-one years, while appellee insists that the death of a child at any time in the future without issue that part of the estate passing to him or her should pass to his or her brother and sisters, or their descendants, making a defeasible fee.

We are of opinion that the testatrix meant by "dying without issue," employed in the testamentary paper, to confine the period to "dying without issue" before the period of division fixed by the will, that is, "dying without issue" before the son arrived at the age of twenty-one years, for at that time the estate was to be divided equally among the children living and their descendants, if any. There is nothing in the will indicating a contrary intention on the part of the testatrix. To make such an intention effective it must be equally expressed. Birney v. Richardson, 5 Dana 424; Pool v. Benning, 9 B. M. 625; Calloway v. Calloway, 171 Ky. 366.

From what has been said it logically follows that appellants and appellee took an absolute estate in fee on the arrival of the son, John, at the age of twenty-one years, each being entitled to a one-fourth interest in the remaining estate of the testatrix. As the trial court held to the contrary the judgment must be reversed for proceedings consistent herewith.

Judgment reversed.