## 12100

### SIMPSON *ET AL.* v. ANTLEY

#### (135 S. E., 469)

1. WILLS.—Item in will, devising residue of estate to wife and children, share and share alike, *held* to create estate in fee simple as tenants in common.

2. WILLS.—Item in will, specifying that bequest to children should be to them and their children, *held* to qualify previous grant in fee simple.

3. WILLS.—Will, devising real estate to testator's children and to their children, *held,* as applied to child having no children at testator's death, to create a conditional estate, constituting, on subsequent birth of children, a fee-simple estate.

Before DENNIS, J., Orangeburg, April, 1925.   Affirmed.

Action by Marion Simpson and others against Raysor Antley.   Judgment for defendant, and plaintiffs appeal.

*Mr. Jacob Moorer,* for appellants, cites: *Rule in Shelley's Case does not apply:*  67 S. C., 130.  *Plaintiffs are owners in fee of property in question:*  114 S. C., 177; 89 S. C., 561.

*Messrs Lide & Felder,* for respondent, cite:  *Quantity of estate given in explicit terms not to be qualified by subsequent words of doubtful imports.* 93 S. C., 214; 87 S. C. 60; 31 S. C., 36.  *Devise to "children" vests in such as are in being at testator's death:*  73 S. C., 469; 11 S. C., 305.

*Word "children" construed as "heirs of the body" and vests a fee conditional: 77* S. C., 230.

November 9, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action by the plaintiffs for the recovery of certain real estate located in Orangeburg County, and involves the construction of a will.

Upon an agreed statement of fact, the matter was submitted to the Circuit Judge for the purpose of having the will construed by the Court. This statement of fact, including the pertinent parts of the will, is set out in the decree of the Court, which is as follows:

"The above-entitled matter having come on for trial, and counsel engaged in the cause having agreed that the issues therein were purely those of law involving the construction of a will, and they having agreed to a statement of facts in the matter, and the same having been duly heard, I find that in January, 1882, Lucius Curry died, leaving a will, the portions of which I am called upon to construe being as follows:

" 'Item Third—I will bequeath and devise all the rest and residue of my estate, real and personal, to my beloved wife Claudu Curry, my son Isaac Curry and my daughters Harriet Simpson and Ellen Curry, share and share alike.

" 'Item Fourth—It is my wish and desire that the portion of my estate I bequeath to my wife, Claudu Curry, shall be hers only so long as she remains my widow and after that her share to go to my children already named, to be divided among them equally.

" 'Item Fifth—It is also my wish and desire that the portions I bequeath to my children Isaac Curry, Harriet Simpson and Ellen Curry, shall be to them and their children.

" 'Item Sixth—It is my wish that as long as my wife, Claudu Curry, remains my widow that all my estate, except the separate portions bequeathed to my son in item second,

shall be kept together and that my widow and my children herein named live together on my estate, and work together as during the last years of my life.'

"The plaintiffs in this matter are the children of Ellen (Curry) Simpson, and are bringing this action to recover the real estate bequeathed their mother under the above will, and contend that Ellen (Curry) Simpson only took a life estate in the property in question.

"The defendant claims the property by virtue of a master's deed executed as the result of an action in the foreclosure of a mortgage of Ellen (Curry) Simpson to the defendant herein, which proceeding was had before the death of Ellen. (Curry) Simpson.

"I further find that at the time of the death of the testator, Lucius Curry, his daughter Ellen had no children, and that she subsequently married a Simpson, and became the mother of twelve children.

"The defendant takes two positions in this matter: First, that, when a gift is given in one portion of a will in clear and unequivocal terms, the quantity or quality of an estate should not be cut down or qualified by words of doubtful import found in a subsequent clause, and submits as authority therefor the cases of *Walker v. Alverson,* 87 S. C., 60; 68 S. E., 966; 30 L. R. A. (N. S.), 115, and *Cureton v. Little,* 119 S. C., 31; 111 S. E., 803; and, second, that, even though the first position may not prevail, the will construed as a whole creates a fee conditional and that the conditions have been fulfilled.

"If it is attempted to construe the will only in the light of the fifth paragraph, the testator gave this property to Ellen Curry to her and her children. There is no time fixed in the will for the vesting of the estate; therefore, it vests at the time of the death of the testator. The fact that there were no children of Ellen Curry born at the time of the death of the testator plays the important part in this case. It is manifest that the children could not take, for

the reason that they were not in existence, and if Ellen Curry had had no children, then the property, under the law of this state, would have reverted back to the estate of the testator; the condition not having been fulfilled, *Renwick v. Smith,* 11 S. C., 305.

"I am therefore of the opinion that Ellen (Curry) Simpson took a fee-conditional estate, and, the condition having been fulfilled, she had the full right to convey a fee simple title, and the defendant, claiming through her, had a title in fee simple, and I so hold. It is therefore ordered, adjudged, and decreed that the complaint be dismissed, and that judgment be, and the same is hereby, awarded in favor of the defendant."

From this decree the plaintiffs appeal to this Court, and state the following exceptions:

"It is respectfully submitted that his Honor, the Circuit Judge, erred in failing to properly construe and give effect to the intention of the testator as expressed in the will; error being 'that Ellen (Curry) Simpson took a fee-conditional estate, and, the condition having been fulfilled, she had a full right to convey a fee simple title, and the defendant, claiming through her, had a title in fee simple,' whereas the will shows that Ellen took only a life estate.

"(2) Because his Honor erred in failing to properly construe and give effect to paragraph 5 of the will, which paragraph is as follows: 'It is also my wish and desire that the portions I bequeath to my children Isaac Curry, Harriet Simpson and Ellen Curry, shall be to them and their children.' His Honor should have held that under the circumstances in this case Ellen Curry did not have a fee simple in more than one-thirteenth of the land in question.

"(3) Because his Honor erred in not finding and holding that these plaintiffs, children of Ellen Curry, inherited the land in question under the will of their grandfather, the testator.

"(4) Because his Honor erred in dismissing the complaint and in giving judgment in favor of the defendant; error because such ruling is contrary to the true intent of the testator."

The controlling question presented by this appeal is: What estate did Ellen Curry Simpson, the daughter of Lucius Curry, take under the will of her father?

The appellants contend, by their first exception, that the Circuit Judge erred in holding that she took a fee-conditional estate under its provisions, but that the will, properly construed, "shows that Ellen took only a life estate." They contend, by their second exception, that the Circuit Judge failed to properly construe and give effect to paragraph 5 of the will, and that "his Honor should have held that, under the circumstances in the case, Ellen Curry did not have a fee simple in more than one-thirteenth of the land in question."

The defendant in the Circuit Court set up two contentions: (1) That under item 3 of the will Ellen Curry Simpson took an estate in fee simple, and that under the general rule of law applicable no subsequent clause in the will containing words of doubtful import could operate to qualify or cut down the estate already devised; and (2) that, if the fifth item of the will fixed the estate, the rule indicated not applying, then Ellen Curry Simpson took a fee conditional, and that, when the condition was fulfilled by birth of issue to her, she could convey the property in fee, and that, when she mortgaged the premises, and same were sold under foreclosure, the purchaser at such sale took title in fee simple.

There can be no doubt that by the third item of the will the testator devised an estate in fee simple to Ellen Curry, her mother, brother, and sister, as tenants in common. That much being manifest, the question arises: Is the language used by the testator in the fifth item of the will of such doubtful import that it could not

qualify or cut down the estate already given? Or, to state the question differently: Is the language of such clear import that it could qualify or cut down the estate already devised? Is the language used by the testator in the fifth item of doubtful import? If so, then Ellen took an estate in fee simple.

The following from *Howze v. Barber,* 29 S. C., 470; 7 S. E., 817, is quoted with approval in *Smith v. Smith et al.,* 93 S. C., 215; 76 S. E., 468:

"The rule as we understand it, both of law and of common sense, is that, where an absolute and unqualified estate is first created in words which import absolute and uncontrollable ownership, words relied upon to show that the testator intended to cut down such an estate, or to affect it with any trust, must not only be mandatory, but must in themselves show the manner in which they are to operate, so that the purpose of the testator may clearly appear how or in what degree he intended to cut down the estate previously created, or what was the precise nature of the trust he intended to impress upon it."

The rule laid down in *Walker v. Alverson,* 87 S. C., 60; 68 S. E., 968; 30 L. R. A. (N. S.), 115, is thus stated:

"When a gift is made in one clause of a will in clear and unequivocal terms, the quantity or quality of the estate given should not be cut down or qualified by words of doubtful import found in a subsequent clause. To have that effect, the subsequent words should be at least as clear in expressing that intention as the words in which the interest is given."

The testator, in the fifth item of his will, used these words:

"It is also my wish and desire that the portions I bequeath to my children, Isaac Curry, Harriet Simpson and Ellen Curry, shall be to them and their children."

We do not think that the words used in this term are of doubtful import. It is clear that the testator intended by this language to qualify or cut down the estate already

created in Ellen. This being manifest, we need only to inquire what was the effect of the provisions of item 5 of the will upon the estate devised in item 3. We should keep in mind that at the time of the death of the testator his daughter Ellen had no children. This Court has held that the word "children" used as in this connection, is a word of limitation, and not of purchase, and must be construed to mean "heirs of the body"; and that thereby a fee conditional is created.

In *Renwick v. Smith,* 11 S. C., 294, the Court, construing similar language, said:

"The third paragraph of the will is a gift of presonalty and realty to Rosannah P. Renwick 'and her children.' She had no child born alive prior to the death of the testator. The bequest imports an immediate gift to children, and as there was no child to take as purchaser at the death of the testator, children born after that event could only take by descent, as issue. Hence, as it regards realty, the devise imported a fee conditional."

In *Dillard et al. v. Yarboro,* cited by the respondent in his brief, and reported in *Id.,* 77 S. C., 230; 57 S. E., 842, the Court had under consideration the construction of a deed conveying land to Y., "her and her children and her assigns, forever." It appeared that Y. had no children at the time that the deed was executed. The Court said:

"The fact that there were no children *in esse* at the time the deed was executed plays an important part in this case Even if the grantees named in the deed had been mentioned in a will, the children could not have taken as such, for the reason that it would be manifest that they were intended to take immediately, and not after the preceding estate, at which time they were not in existence. *Robinson v. Harris,* 73 S. C., 469; 53 S. E., 755; 6 L. R. A. (N. S.), 330. As wills are construed with more liberality in carrying into effect the intention of the testator than in cases involving the construction of deeds, there is a stronger reason for holding

that the children named in the deed herein did not take any interest as such. Under such circumstances the word 'children' must be construed to mean 'heirs of the body,' by which an estate tail at common law, and a fee conditional in this State, is created. In 3 Jarman on Wills, 174, it is said: 'The rule of construction commonly referred to as the doctrine of *Wild's case* is this, that, where lands are devised to a person and his children, and he has no child at the time of the devise, the parent takes an estate tail; for, it is said, the intent of the devisor is manifest and certain that the children (or issue) should take, and as immediate devisees they cannot take, because they are not *in rerum natura,* and by way of remainder they cannot take, for that was not his (the devisor's) intent, for the gift is immediate. Therefore such words shall be taken as words of limitation.' 'Heirs of the body' are words of limitation whereby the parties take by inheritance, and not by purchase. Therefore the conveyance of the property by defendant was as effectual to convey the fee as if the deed had been to her and her heirs generally, whether she conveyed before or after the birth of issue. The only difference between a. conveyance of the land by the tenant in fee conditional before and after birth of issue is that, where the alienation is before the birth of issue, and issue is subsequently born and dies during the life of the tenant in fee conditional, the revertor of the donor is not thereby prevented.' *Barksdale v. Gamage,* 3 Rich., Eq., 271. 'It was called a fee conditional, by reason of the condition expressed or implied in the donation of it, that if the donee died without such particular heirs (of his body) the land should revert to the donor.' 21 Bl. Com., 110, quoted with approval in *Barksdale v. Gamage,* 3 Rich., Eq., 271.

In the fifth paragraph of the will the devise is to Ellen and her children. "The intent of the devisor is manifest and certain that the children (or issue)

should take." There were no children *in esse* at the time of the death of the testator and the vesting of the estate; the plaintiffs, her children, being born subsequently. There is no express life estate given to Ellen by the term of the will and there is no disposition of the remainder after the death of Ellen, if she should die without children. Hence the word "children," used in this connection, under the agreed facts of this case, must be construed to mean "heirs of the body," for in this way only can effect be given to the clear intention of the testator that Ellen's children (or issue) should take.

The authorities cited by the appellants in their brief have been examined, but they are without application to the facts of the present case. The Circuit Judge was correct in his construction of the will and in holding that the defendant took a fee-simple title under the sale of the property by the Master.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

Messrs. Justices Watts Cothran, and Blease and Mr. Acting Associate Justice Ramage concur.

Mr. Chief Justice Gary did not participate.