**YOUNG et al. v. MUNSEY TRUST CO. et al.**
No. 7379.

United States Court of Appeals for the District of Columbia.

Argued Jan. 11, 1940.

Decided March 25, 1940.

Lawrence A. Baker and Henry Ravenel, both of Washington, D. C., and Frederick L. Clark and John Randolph Young, both of Philadelphia, Pa., for appellants.

R. H. Yeatman, of Washington, D. C., for appellees.

Before GRONER, Chief Justice and MILLER and VINSON, Associate Justices.

GRONER, C. J.

This case turns upon the construction of the will of Mary Ann Young, a resident of Washington City who died September 2, 1870. She left as her only heirs at law and next of kin a son, Thomas H. Young, born in 1845, and a granddaughter, Malinda Mc-Kelden Young, born in 1857, the daughter of a deceased son, Samuel. The will was dated April, 1868, when Thomas was twenty-two and Malinda eleven. Item One left certain real estate to Thomas; Item Two was a devise to Malinda; and Item Three left other real estate "to be equally divided between them". Thomas was appointed executor and was given the residuary estate. The devise to Malinda, now the basis of controversy, was as follows:

"I give and bequeath to my Grand-daughter Malinda McK. Young, daughter of my deceased Son Samuel H. Young, the lot with the improvements thereon, in Square numbered Two hundred and Fifty-three, fronting on G street North, between Thirteenth and Fourteenth streets West in said City, which I received under my late husband's Will, until the said Malinda McK.

Young shall marry or attain the age of Twenty-one years in either of which events, whichever may happen first, I give the same to the said Malinda McK. Young and her children but if the said Malinda McK. Young shall die before she attains the full age of Twenty-one years without having been married, but if she marries and dies without leaving child or children then in such a case I give the same to my said Son Thomas H. Young."

At twenty-four, Malinda married Thomas C. Bourne and had a son, Thomas, born August 20, 1890. The husband died in 1891, and the son was killed in the Knickerbocker Theatre disaster in 1922, intestate, unmarried, and without issue. Thomas H. Young died in 1925, and appellants, as his devisees, claim the property by virtue of the original devise. Appellees are the trustee under Malinda's will and her cousins and residuary devisees.

Appellants insist (1) that the clause in question should be construed to give Malinda a life estate in the G Street property, with remainder to her children and with remainder over to Thomas if Malinda died without leaving children; and (2) that, even if Malinda is held to have had a fee simple estate, it was defeasible upon her death at any time without surviving children. The trial court, upon waiver of a jury and a written stipulation of facts, held that appellee trust company, as trustee under Malinda's will, had a fee simple title to the property and that appellants had no title thereto.

█ In the case of Walker v. Thomas, 64 App.D.C. 148, 75 F.2d 667, 668, 99 A.L. R. 713, we said:

"The law in this jurisdiction, as well as in all the states of the United States, is that the intention of the testator is the basic and fundamental rule in the construction of wills, and the intention should be determined by construction of the whole will and not from detached paragraphs; and where the intention is apparent, it should be given effect—and this is true— even though to do so involves the rejection of the literal meaning of particular words."

See Evans v. Ockershausen, 69 App.D.C. 285, 290, 100 F.2d 695.

█ In the case under consideration, the testatrix was a widow whose nearest of kin were her living son and the daughter of a deceased son. The will, when read as a whole, indicates a purpose on her part to divide her property as nearly equally between them as possible. Her son had attained maturity, but her granddaughter was still an infant, and it is reasonable to assume that in making provision for the latter she had in view the period of years which must elapse before Malinda either married or became twenty-one. Consequently, Mrs. Young limited the devise to Malinda until the occurrence of one or the other of these events. The language of the clause is—I give to Malinda the lot with the improvements *until* the said Malinda shall marry or attain the age of twenty-one years in either of which events, whichever may happen first, I give the same to the said Malinda and her children—. If the language of the gift had stopped at this point, Malinda would have taken, if we adopt the rule in Wild's case,[1] a fee-tail, which the statute in the District of Columbia would have converted into a fee simple.[2] The trial court accepted this view.

The rule in Wild's case is said by Professor Graves to be an ancient rule of the common law by which, under certain circumstances, the word "children" becomes a word of limitation and equivalent to "heirs of the body"; "(a) The limitation must be in a devise; (b) the form of the limitation must be 'to A and his children', not to A for life, remainder to his children; and (c) A must have no children at the time of the devise". If all these requisites concur, the word "children" is a word of limitation, whereby A takes an estate tail and not a word of purchase whereby the children take jointly with A.[3] The applicability of the rule has never before arisen in the District of Columbia, but it has been adopted and approved in decisions of the highest courts of Alabama, Georgia, Indiana, Massachusetts, North Carolina, Virginia, and South Carolina, and perhaps in other states as well.[4] It was applied by Justice Story in Massachusetts in Parkman v. Bowdoin, 18 Fed.Cas. No. 10763, page 1213. It has been rejected in Kentucky, Pennsylvania, and

[1] 6 Co.Rep. 16b, 77 Eng.Repr. 277.

[2] Dengel v. Brown, 1 App.D.C. 423; D. C.Comp.Stat. 1888, ch. XVIII, Sec. 1.

[3] Graves, Notes on Real Property, Sec. 201, p. 235.

[4] Gilchrist v. Butler, 214 Ala. 288, 107 So. 838; Lofton v. Murchison, 80 Ga. 391, 7 S.E. 322; Moore v. Gary, 149 Ind. 51, 48 N.E. 630; Nightingale v. Burrell, 15 Pick., Mass., 104, 114; Silliman v.

Tennessee, where such a devise is held to create a life estate with remainder to the children.[5]

Even if we do not adopt the much-criticized[6] First Resolution in Wild's case, but decide that Malinda took a life estate with remainder to her children, the result would be the same. For the son of Malinda would have acquired a vested estate at his birth, subject only to be partially divested by the birth of subsequent brothers or sisters (and there were neither). Craig v. Rowland, 10 App.D.C. 402; Fields v. Gwynn, 19 App. D.C. 99. In the absence in the will of a contrary intent, there was no requirement that the son survive Malinda, and therefore his prior death did not divest his interest. Doe v. Considine, 6 Wall. 458, particularly at page 477, 18 L.Ed. 869;[7] Byrnes v. Stillwell, 103 N.Y. 453, 9 N.E. 241, 57 Am.Rep. 760; Simes, Future Interests, §§ 390, 76. His vested remainder therefore passed by inheritance to his mother. Code of 1901, sec. 950, 31 Stat. 1343. This was the English rule, see Middleton v. Messenger, 5 Ves.Jr. 136, 31 Eng.Repr. 511, and is the rule in many of the states. Tayloe v. Mosher, 29 Md. 443; Desmond v. MacNeill, 90 Conn. 142, 96 A. 924; Corse v. Chapman, 153 N.Y. 466, 47 N.E. 812; Byrnes v. Stilwell, supra; 1 Simes, Future Interests, § 76, and cases cited. And see also the very interesting article "Future Interests", 48 Harv.L.Rev. at p. 1225: "Where property is left to one for life with a remainder to a class and no words of contingency are used in describing the class, recent cases almost uniformly have adopted the view of the long line of decisions following Middleton v. Messenger [5 Ves. 136 (Ch.1799)], holding that the remainder vests in those members of the class living at the death of the testator, subject to the participation of members born before the death of the life tenant, and that the share of any member dying after the testator but before the life tenant passes to the member's estate."

We have, therefore, no hesitation in concluding that, either under the rule of Wild's case or under the rule last discussed, Malinda had at the date of her death a fee simple title to the property devised.

Appellants take the position that even if Malinda acquired a fee simple, her interest was made defeasible upon her death without surviving children, an event which actually occurred. They rely on the concluding words of the devise: "but if the said Malinda McK. Young shall die before she attains the full age of Twenty-one years without having been married, but if she marries and dies without leaving child or children then in such a case I give the same to my said Son Thomas H. Young."

They contend that the property was thereby given to Thomas upon either of two contingencies, (a) if Malinda dies before twenty-one without marrying, (b) if she marries and dies without leaving child or children. If, for example, Malinda's son, Thomas, who was thirty-two when he died, had married and left a surviving child, appellants' construction of the applicable sentence of the clause would require a holding that Malinda's grandchild would not inherit and that the property must pass from her branch of the family to that of Thomas. It is unthinkable that testatrix had this intention. Whether we read the forepart of the clause to give Malinda a fee simple in the property or to give her only a life estate with remainder to her children, will make no difference in the construction of the succeeding language of the clause. Obviously, the last quoted sentence was written by testatrix to cover the eventuality of Malinda's death, and the only question is—her death at what time? The preceding devise to Thomas, who was then of age, was

Whitaker, 119 N.C. 89, 25 S.E. 742; Larew v. Larew, 146 Va. 134, 135 S.E. 819; Simpson v. Antley, 137 S.C. 380, 135 S.E. 469.

5 Carr v. Estill, 16 B.Mon., Ky., 309, 63 Am.Dec. 548; Chambers v. Union Trust Co., 235 Pa. 610, 84 A. 512; Turner v. Ivie, 5 Heisk., Tenn., 222. This view has been adopted by the American Law Institute. Restatement of Property, Tentative Draft No. 11, sec. 283.

6 See Tiffany, Real Property (3d ed. Jones, 1939), § 41; 2 Simes, Future Interests, § 406; Restatement of Property, loc. cit. supra, n. 5, com. a.

7 Quoting 4 Kent's Comm. 284: "A. devises to B. for life, remainder to his children, but if he dies without leaving children remainder over, both the remainders are *contingent*, but if B. afterwards marries and has a child, the remainder becomes vested in that child, subject to open and let in unborn children, and the remainders over *are gone forever*. The remainder becomes a *vested* remainder in fee in the child as soon as the child is born, and does not wait for the parent's death, and if the child dies in the lifetime of the parent, the vested estate in remainder descends to his heirs." (Italics supplied)

unconditional. When the whole will is considered, it is fair to assume that testatrix intended to make a similar provision for Malinda, although in slightly different manner because of her age. She, therefore, devised to Malinda an estate for years until she married or attained her majority and provided for an enlarged estate upon either of those two events, whichever might happen first. Having made this provision, she was obviously concerned about the eventuality of Malinda's death during her minority without leaving any children to take title to the property, and the concluding language of the clause, though awkwardly drawn, was intended to care for this possibility. Her intention, as we see it, was to give Thomas the property only in one event, namely, if Malinda died without having married and borne a child before her twenty-first birthday.

This interpretation is consistent with the use of the words—"in such *a* case" I give the same to my son. The singular number indicates that the testatrix was thinking of only one event, not two. The second "but" obviously was not intended to introduce a new and separate event, but to make an exception to the phrase "without having been married". Having written those words, it likely occurred to the writer that Malinda might marry and die before she was twenty-one without children and further language was necessary to cover this possibility. In other words, we think the awkward use of the second "but" implies rather than negatives the intent which we think is shown.

Another reason which appeals to us in favor of this holding is the absence of any defeasance provision in the event of Malinda's death after twenty-one without having married. If testatrix intended her son, Thomas, to acquire the property in the failure of children of Malinda, she assuredly would not have devised the property to Thomas *only* if Malinda married first and then died. Malinda might very well live her entire life unmarried. In that case, at her death, Thomas would not under the clause in question have acquired the property. This follows both from a literal construction of the sentence and as well from appellants' construction, for considered in either aspect, *death after marriage* is the condition on which the property goes over. And, since clearly this anomalous result was not in testatrix's mind when she wrote the words, it almost inevitably follows that she was providing only for the marriage and death of Malinda before she reached twenty-one.

Looking at the entire will, the conclusion seems to us irresistible that in the division of the four parcels of land, the first two to Thomas, the third to Malinda, and the fourth to be divided equally between them, testatrix did not intend to make an incomplete provision in the gift to Malinda. And while, of course, this cannot be said with absolute assurance, a doubtful construction which negatives that conclusion, we think, ought not to be indulged. We find support for this in a number of cases where a testamentary gift was made to take effect when the beneficiary attained a designated age and then the property was to pass to another if the beneficiary died "without issue" or "without leaving children", etc. In each instance the gift over was held to operate only if death occurred before the specified age was reached, and we know of no apposite case to the contrary. Meriden Trust Co. v. Squire, 92 Conn. 440, 103 A. 269; Edmunds v. Bronaugh, 208 Ky. 226, 270 S. W. 828; Donnell v. Newburyport Hospital, 179 Mass. 187, 60 N.E. 482; Howard v. Howard's Trs., 212 Ky. 847, 280 S.W. 156; Colby v. Doty, 158 N.Y. 323, 53 N.E. 35; Burton v. Conigland, 82 N.C. 99, 100; Clagett v. Bowie, 130 Md. 437, 100 A. 635.

For the reasons we have stated, we are of opinion the trial court entered judgment correctly.

Affirmed, with costs.