**BOARD OF DIRECTORS OF CITY TRUSTS OF CITY OF PHILADELPHIA v. MALONEY et al., etc.**

**No. 8597.**

United States Court of Appeals
District of Columbia.

Decided March 6, 1944.

---

[1] Act of August 24, 1912, Chap. 389, 5 U.S.C.A. § 652; Civil Service Rules and Regulations, Nov. 30, 1941, p. 107.

Mr. James V. Hayes, of Washington, D.C., with whom Mr. Richard A. Mahar, of Washington, D.C., was on the brief, for appellant.

Mr. Robert F. Cogswell, of Washington, D.C., for appellees.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

MILLER, Associate Justice.

This is an appeal by the Board of Directors of City Trusts of the City of Philadelphia, from a judgment entered in the District Court of the United States for the District of Columbia, in a proceeding brought for construction of the will of Inez Walsh Fulton. The deceased left a holographic will, which is set out in the margin.[1] The present case rose out of conflict between two paragraphs of the will, in the first of which the testatrix purported to bequeath *unconditionally* all her property to her two sisters, asking them to make three gifts to named beneficiaries. In the next intervening paragraph of the will she directed the disposition of her body, specified the character of her funeral service and of a memorial stone. The next succeeding paragraph specifies that after the death of the two sisters "the estate is to be placed in the City Trust of Philadelphia, Pa which has charge of the funds of Girard College;—to purchase a scholarship * * *." The rest of the will, as will be noted from the note set out in the margin, is devoted entirely to describing and providing for the operation and management

---

[1] "I, Inez Walsh Fulton, being of sound mind, do declare this to be my last will and testament.

"To my sisters, Mary E. Graff, 4913 Monument Road, North Wynnefield, Philadelphia, Pa, and Annie W. Chieves, 1657-31st Street, Washington, D. C., I bequeath, unconditionally, all that I own and possess, asking them to make the following gifts. St. Matthews P. E. Church, Francisville, Philadelphia, Pa. (five hundred) $500.00 Grenfell Mission, Labrador (two hundred & fifty) 250.00 Home for Incurables, Washington, D. C. (one hundred) 100.00

"My body is to be cremated, and the ashes buried in my lot in Laurel Hill Cemetery, Philadelphia, Pa, and a plain granite stone with my name only— The casket must be very inexpensive, and nothing but a simple service. * * *

"After the death of Mary E. Graff, and Annie W. Chieves, the estate is to be placed in the City Trust of Philadelphia, Pa which has charge of the funds of Girard College;—to purchase a scholarship in the Medical School, Jefferson College, for a Protestant graduate of Girard College, at graduation, who has an excellent record during his entire period of residence in Girard College, for character and scholarship.

"The training in Jefferson College is to be in general medicine—as I feel there is needed good practitioners, not specialists.

"No course in Jefferson College must be granted for longer than four years.

"If the lad does not do good work, and have excellent reports, he must be dropped, and the advantage given to another Girard College graduate.

"During the Jefferson College sessions, the student may be allowed $30 a month, should the City Trust find that amount available;—less if not.

"Should the estate in the future, allow enough for an additional student, the Board of City Trust is authorized to extend the benefaction at their discretion.

"The scholarship is to be called 'The Inez Walsh Fulton Scholarship.' "

of this trust. The District Court interpreted the earlier paragraph of the will in such manner as to give to the two sisters an absolute estate; and the later paragraphs as merely indicating a wish that the sisters should make provision for the trust, similarly as she had indicated her wish concerning the three enumerated gifts.

■ The language used by the testatrix, in the disputed paragraphs of the will, is obviously inconsistent and contradictory; as is frequently the case when such testaments are written by lay persons. This being true it became necessary to remove the inconsistency and to resolve the contradiction by discovering the intent of the testatrix from the whole instrument or, as has sometimes been said, from an examination of the four corners of the will.[2] In doing so, the language first used has no greater significance than the language later used. Instead, if explanatory and qualifying later language indicated that a non-technical meaning was intended by the testatrix, then the literal[3] or technical[4] meaning should be disregarded and the intent of the testatrix prevail.

■ In the present case, the trial court applied to the word "unconditionally," which the testatrix used in the earlier paragraph of her will, the technical legal meaning of that word, which would be used customarily by legal purists and held, in effect, that as the later language of the will was inconsistent therewith, the later used language must be reconciled, accordingly, by interpreting it to constitute merely a suggestion to the sisters; or, in the alternative, her provision for a trust must be held invalid and void, and the later used language, entirely inoperative. We think this constituted a misapplication of the applicable rules. It failed to consider the whole instrument for the purpose of determining the true intent of the testatrix, and it failed to take account of the fact that

the later paragraphs of the will clearly indicate an intention to create a charitable trust, in no way dependent upon the power or pleasure of the two sisters. A reading of the whole will does not lead us to the conclusion that the elaboration of provisions concerning the scheme and plan of the charitable trust, as described in the later paragraphs of the will, was no more than a suggestion for a gift to be made by the two beneficiaries under the earlier paragraph of the will. On the contrary, it is apparent that the trust was a major project in the mind of the testatrix, of an entirely different character than the provision for gifts to named beneficiaries. These gifts she expected her sisters to make during their lifetimes. The provision for a charitable trust, on the other hand, was her own clearly expressed act, to take effect after the death of the sisters, and upon such part of her estate as remained "after the death of [those sisters] Mary E. Graff, and Annie W. Chieves * * *." Under the circumstances it is necessary to interpret the will as expressing the intent of the testatrix (1) that her sisters should enjoy the property only so long as they lived, and (2) that a trust was created of such remainder as should exist thereafter.

It is not necessary to decide what the extent of power of the sisters may have been, over the property, during their respective lives. They are now dead and the estate remains undistributed. There is no reason, therefore, why the provisions of the will, establishing the trust, shall not become fully operative.

■ The conclusion which we have reached is fortified by the fact that charitable trusts are highly favored in the law, and the construction of all instruments where they are concerned is liberal in their behalf.[5] For that reason, also, the clearly expressed intent of the testatrix to create a charitable trust should prevail over her inept use of words to describe her bequest to the sisters.

[2] Evans v. Ockershausen, 69 App.D.C. 285, 290, 100 F.2d 695, 700, 128 A.L.R. 177, certiorari denied, 306 U.S. 633, 59 S.Ct. 462, 83 L.Ed. 1034; Young v. Munsey Trust Co., 72 App.D.C. 73, 74, 111 F.2d 514, 515; Ellery v. Washington Loan & Trust Co., 72 App.D.C. 293, 295, 296, 113 F.2d 525, 527, 528; Dalton v. White, 76 U.S.App.D.C. 93, 94, 129 F.2d 55, 56.

[3] Young v. Munsey Trust Co., 72 App. D.C. 73, 74, 111 F.2d 514, 515; Walker v. Thomas, 64 App.D.C. 148, 149, 150, 75 F.2d 667, 668, 669, 99 A.L.R. 713.

[4] Greenwood v. Page, 78 U.S.App.D.C. 166, 138 F.2d 921, 924, and authorities there cited.

[5] Ould v. Washington Hospital for Foundlings, 95 U.S. 303, 313, 24 L.Ed. 450; Noel v. Olds, 78 U.S.App.D.C. 155, 138 F.2d 581, 584, 585, certiorari denied, 64 S.Ct. 611, and cases there cited.

The judgment of the District Court will be reversed and the case remanded for proceedings consistent with this opinion.

Reversed.