## Richmond.

CONRAD, TRUSTEE, &C. V. QUINN AND OTHERS.

January 12, 1911.

Absent, Cardwell, J.

1. WILLS—*Construction—Contingent Remainders.*—A testator gave
property to three of his daughters, to be equally divided among
them, but appointed a trustee to hold it in trust for them "as
long as they shall live." One of the daughters was then a
married woman with children, while the other two were un-
married. As to the married daughter, he directed that in the
event of her death her share should go to her children, and, as
to the two unmarried daughters, the testator declares that, in
the event of the death of either or both of them, without issue,
"then I direct that her or their portion of my estate be dis-
tributed equally between my four sons." Since the death of
the testator one of the daughters has married, and has a num-
ber of children. The question for decision is what estate did
this daughter take under her father's will.

   *Held:* The daughter took only a life estate followed by two re-
mainders in a double aspect, both of which remain contingent
until her death—the first to the issue of the daughter living
at the time of her death, and the second, failing such issue, to
the four sons of the testator.

Appeal from a decree of the Chancery Court of the city of
Richmond construing a will.

*Affirmed.*

The opinion states the case.

*Henry R. Miller,* for the appellant.

*A. B. Guigon* and *R. E. Peyton, Jr.,* for the appellees.

Harrison, J., delivered the opinion of the court.

The bill in this case, which was filed by W. S. Conrad in his own right and as trustee for Sally M. Quinn, against Sally M. Quinn and others, asks that the eleventh and twelfth clauses of the will of the late J. M. Conrad be construed, and the rights of the parties thereunder be declared and established.

The two clauses mentioned are as follows:

11th. "After the foregoing special gifts have been properly provided for, I direct all the remainder of my estate of whatsoever kind or character to be equally divided between my three daughters, Mary L. Gentry, Ella V. Conrad and Sallie M. Conrad, to be held in trust, however, as hereinafter directed."

12th. "I appoint my son, Charles H. Conrad, trustee, to receive, hold, manage and invest all funds provided in the 11th clause of this writing, for the benefit of my daughters to collect the income arising from the same and pay it over to them as their necessities may require and their interest shall appear as long as they shall live. In the event of the death of either of said daughters, Ella V. and Sallie M., or both, without issue, then I direct that her or their portion of my estate be distributed equally between my four sons, W. S. Conrad, C. H. Conrad, John M. Conrad and Parker T. Conrad, or their legal heirs, and in the event of the death of my daughter, Mary L. Gentry, I direct her portion to go to her children. In the event of the death of my son, Charles H. Conrad, before this trust is fully executed, I desire the Chancery Court of the city of Richmond at the motion of the parties in interest to appoint his successor to execute this trust, taking such security as may be deemed ample. It is intended that any income that may accrue to my daughters under the provisions of the second clause of this writing shall be absolutely theirs and not held in trust."

It will be observed that the eleventh clause is expressly made subject to the trust provisions declared in the twelfth, thus making the two practically one clause. At the time of the death of the testator, his daughter, Mary L. Gentry, was a married woman with children, while his daughters, Ella V. and Sallie M. Conrad, were unmarried. Since her father's death Sally M. Conrad (now Mrs. Quinn) has married and has a number of children, and the sole question to be determined is, what estate did Sally M. Quinn take under her father's will.

It is admitted that the testator gave his married daughter, Mary L. Gentry, a life estate merely, with remainder over to her children. It is, however, contended that he gave his single daughters, Ella V. and Sally M. Conrad, a trust estate in fee, subject to be defeated only by the death of either without issue.

It is manifest from the will that it was the purpose of the testator to make his three daughters equal, and to put them on the same footing as to the character of estate each was to have. The property of each is placed in the hands of a trustee, who is directed to collect the income and pay it over to her so long as she shall live. The testator did not know that his two single daughters would ever marry and have issue. He, therefore, provided that in the event of the death of either or both without issue, the trust fund should be equally divided between his four sons. In other words, if either or both of them married and had issue, the corpus of the trust fund should, at the death of the mother, go to such issue, but failing issue, the corpus of the estate should go in fee simple to his sons.

We are of opinion that the will gives Mrs. Quinn a life estate only. This life estate is followed by two remainders in a double aspect, both of which remain contingent until the death of Mrs. Quinn: the first to the issue of Mrs. Quinn living at the date of her death, and the second, failing such is-

sue, to the four sons of the testator. This conclusion creates no intestacy as to any part of the estate.

The contention of the appellant that Mrs. Quinn is the fee simple owner of the trust estate, subject to be defeated only by dying without issue, violates the plain intention of the testator and cannot be sustained. 1 Minor on Real Prop., sec. 872; Prof. Graves' Article 5 Va. L. Reg., pp. 67-91.

Prof. Graves concludes the article just cited, which is a full discussion of the subject, as follows: "That in a devise 'to A for life, and if he die without issue, to B and his heirs,' subject to the law of Virginia from January 1, 1820, to the present time, A takes a life estate only, following which there are two remainders in fee upon a contingency with a double aspect, both of which remain contingent until the death of A, the one to the issue of A living at his death, or born to him within ten months thereafter, and the other to B. On A's death, if there be issue of A then living, or born to him within ten months thereafter, the first remainder vests in such issue and the second is defeated; but if there is no issue of A living at his death, or born to him within ten months thereafter, then the second remainder, in favor of B, vests and takes effect."

The decree of the chancery court is in accord with these views, and must be affirmed.

*Affirmed.*